Hall vs. Pillow.

---

---

## HALL vs. PILLOW.

CONFLICT OF LAWS: *Presumption as to Foreign Law.*

In the absence of proof, the court presumes that the law of another State gives to the acknowledgment and recording of mortgages, deeds of trust, etc., the same effect as is given by the laws of this State.

MORTGAGE: *Removal of Mortgaged Property from another State, effect upon the lien.*

Where a mortgage or deed of trust of personal property is duly executed and recorded in another State, the removal of the property to this State will not displace the lien, or render it necessary to record the instrument here; and a purchaser for value will take subject to the lien.

APPEAL from *Phillips* Circuit Court.

Hon. J. N. CYPERT, Circuit Judge.

*P. O. Thweatt*, for appellant.

*Tappan & Hornor*, for appellee.

HARRISON, J.:

Replevin for a horse commenced before a justice of the peace, and determined upon appeal in the Circuit Court.

The cause was tried by the court sitting as a jury upon the following agreed statement of facts:

The horse belonged to one C. D. Crump, in Grenada County, Mississippi, who on the 1st day of April, 1874, conveyed him

and other personal property to the plaintiff in trust, to secure to T. P. Lamkin the payment of a debt to become due on the 1st day of December, 1874, and with power to said trustee upon default of payment, or if before the maturity of the debt, the grantor removed, sold or disposed of any part thereof, upon request of Lamkin to take possession of the property and sell it for the satisfaction of the debt.

The deed was duly acknowledged and recorded in said county, according to the law of Mississippi; but was never recorded in this State. Before the maturity of the debt, Crump, without the consent of either Lamkin or the plaintiff, brought the horse to Phillips County, in this State, and sold him to the defendant.

The debt was unpaid, and the suit was brought at the instance and request of Lamkin. The value of the horse was $100.

The court made the following declaration of law :

" A deed of trust upon personal property in another State, and recorded there, but not in this State, will not, if the property is removed by the grantor to this State, and sold here to an innocent purchaser for a valuable consideration, defeat the title of such purchaser; and thereupon found for the defendant.

The plaintiff excepted to the declaration of law; and for that cause moved for a new trial. His motion was over-ruled, and he appealed.

In the absence of proof, we may presume that the law of Mississippi gives to the acknowledgment and recording of mortgages, deeds of trust, etc., the same effect as is given by the law of this State. *Cox* v. *Morrow*, 14 Ark., 603 ; *Seaborn* v. *Henry & Co.*, 30 Ark., 469; *Sherril* v. *Hopkins*, 1 Cow., 103 ; *Legg* v. *Legg*, 8 Mass., 99; *Monroe* v. *Douglass*, 1 Seld., 447 ; *Rape* v. *Heaton*, 9 Wis., 328 ; *Green* v. *Rugeby*, 23 Tex., 539 ; *Smith* v. *Smith*, 19 Grat., 545; Green. on Ev., sec. 488. Whar. Con. L., sec. 780.

The deed having been recorded in Mississippi, where Crump lived, and the property was, it was not necessary for the protection of the rights of the plaintiff and his *cestue que trust*, that it should have been recorded also in Phillips County, or in this State, the lien, having rightfully attached upon the horse in Mississippi, was not displaced by the wrongful act of Crump in bringing him to Arkansas.   Sto. Con. L., sec. 402.

And though the defendant purchased him for a valuable consideration and in good faith, of which however, there was no evidence, he stood in no better situation than any other purchaser of property to which the seller could not make title.

The declaration of law was erroneous.

The judgment is reversed and the cause remanded with instructions to grant the plaintiff a new trial.