F. E. CREELMAN LUMBER COMPANY *v.* LESH.

Opinion delivered November 5, 1904.

1. LAWS OF ANOTHER STATE—JUDICIAL NOTICE.—Under act of April 11, 1901, providing that judicial notice shall be taken of the laws of other States, it is unnecessary to prove the laws of another State. (Page 18.)

2. CHATTEL· MORTGAGE—REMOVAL TO STATE—ENFORCEMENT.—A chattel mortgage, duly executed and recorded in another State upon property there situate, which .was subsequently removed to this State by the mortgagor, will, by comity, be enforced in this State, if it does not appear that the removal was made with the mortgagee's consent. (Page 18.)

Appeal from Chicot Chancery Court.

MARCUS L. HAWKINS, Chancellor.

Suit by J. A. Lesh and J. A. Summerland, composing the firm of J. A. Lesh & Company *v.* E. S. Richards and the F. E. Creelman Lumber Company. Judgment for plaintiffs, from which defendants appealed. Affirmed.

The complaint states that E. S. Richards, being indebted to plaintiffs, as evidenced by two promissory notes of $287.50 each, executed to them a chattel mortgage conveying the property in

controversy, which at the time the mortgage was executed was situated in Fulton County, Indiana, which mortgage was duly executed and recorded in the office of the recorder of deeds and mortgages within and for said county of Fulton and State of Indiana, in accordance with the laws of said State; that since the execution of said mortgage the said defendant removed the property embraced in the mortgage aforesaid to Chicot County, Arkansas, and the defendant, F. E. Creelman Lumber Company, is now in possession of said property, and claims to be the owner thereof by virtue of a purchase thereof from defendant Richards; that no part of said notes or interest thereon has been paid. They pray that the mortgage be foreclosed, and the property sold.

The answer of the F. E. Creelman Lumber Company set up that the company was a purchaser in good faith; denied the validity of plaintiff's indebtedness, and that the mortgage was executed according to the laws of Indiana.

The court found the facts alleged in the complaint to be true, and rendered judgment enforcing the mortgage.

*Baldy Vinson* and *J. H. Carmichael*, for appellant.

Appellant paid a valuable consideration, and nothing was wanting to give him the right of a *bona fide* purchaser. 9 Vt. 358; 23 Vt. 279; 15 Pick. 17; 13 Mass. 146; 7 Wall, 139; 9 Pa. 616. The comity extended to the *lex loci* must yield to the positive law and public interest where the remedy is sought. 5 Cranch, 289; 12 Wheat. 361; Story, Conf. Laws, § § 28, 244; 2 Kent, 458; 13 Mass. 6; 13 Pick. 193; 84 Mich. 30; 53 N. Y. 513; Minor, Conf. Laws, § 132; Wharton, Conf. Laws. § 275*f*; 31 Ark. 32. Where one of two innocent parties must suffer, the loss should fall on the one who caused the dilemma. 67 Penn. 82; 55 N. H. 602; 72 Ind. 533; 47 Ark. 366; 3 Sh. & Redf. Neg. 227. Registration laws have no extra-territorial force. 10 Ind. 28. The acknowledgment was not sufficient. 95 Ia. 710; 50 Neb. 906; 3 Ark. 469; 50 Ark. 237; 17 Ark. 154; 20 Ark. 136; 32 Ark. 453; 35 Ark. 365. The courts of this State shall take judicial knowledge of the laws of other States. 44 Ark. 273; 46 Pac. 141; 82 Md. 631; 119 Mich. 274; 59 N. E. 24.

WOOD, J. When the decree was rendered, the act of April 11, 1901, which provides that judicial notice shall be taken of the laws of other States, was in force. It was, therefore, unnecessary to prove the laws of Indiana upon the subject of recording chattel mortgages. The court was correct in finding that the mortgage "was duly executed, acknowledged and recorded in Fulton County, Indiana, where the mortgagor resided and the property was situated when the mortgage was executed." Sec. 4913, Rev. Stat. of Ind. (1881).

In *Hall* v. *Pillow,* this court held that the lien of a mortgage in another State was not displaced by the wrongful removal of the property from that State to this. 31 Ark. 32. The authorities generally hold that a chattel mortgage, good according to the laws of the place where the mortgage is executed and recorded and the property is then situate, will be good, by comity, in any State to which the property may be afterwards removed by the mortgagor, unless there is some statute in such State to the contrary. This, too, as against an innocent purchaser for value from the mortgagor. In some cases it is said the rule obtains even though the property may have been removed with the consent of the mortgagee. *Shapard* v. *Hynes,* 104 Fed. Rep. 449; *Alferitz* v. *Ingalls,* 83 Fed. Rep. 964, and authorities cited in both cases. See also authorities cited at p. 1061, Pingrey, Chat. Mort. § 435. Jones, Chat. Mort. § 260.

In a few States a different rule prevails. *Montgomery* v. *Wight,* 8 Mich. 143; *Corbett* v. *Littlefield,* 84 Mich. 30; *MacCabe* v. *Blymyre,* 9 Phil. (Pa.) 615. These cases, it will be observed, treat the chattel mortgage as giving a mere lien, and not a transfer of title. In our State it is different. *Whittington* v. *Flint,* 43 Ark. 504.

We do not decide in this case what would be the effect of the consent of the mortgagee to the removal of the property. That question is not raised. The mortgagee is seeking here to enforce a mortgage which he has duly established according to the laws of Indiana. There is no allegation in the answer and no proof that the property was moved from that State to this with his consent. It will not be presumed that the mortgagee did any act to waive his rights under the mortgage.

Affirmed.

HILL, C. J. (concurring). The opinion of the majority ·is fully concurred in, but it leaves open and undetermined the question whether the consent of the mortgagee to the removal of the mortgaged property from the State where mortgaged into this State affects the question; and that question should be concluded by the holding that this State recognizes and enforces from comity the laws of Indiana. The comity of the States is the only basis for the maintenance of this action; and if this State adopts the policy of enforcing such actions, it should do so fully, and not half way. To test the determination of whether the State shall enforce liens created by other States upon whether the lienholder consented to the property coming into this State, or whether it was unlawfuly brought here, is illogical.

It is a criminal offense in this State to remove mortgaged chattels from one county to another without the consent of the mortgagee. No one can contend that the mortgage lien is lost if the mortgagee consents to its removal from one county to another; and if it is illegally removed, *a fortiori* the mortgage lien is not lost. If this State enforces the lien laws of Indiana by comity, it should enforce them as our own laws are enforced, and the removal from Indiana to Arkansas should not affect the question any more than the removal from one county to another. With but few exceptions the States of the Union from comity give full effect to the liens created by statute in the other .States, and it is a sound doctrine and promotive of uniformity in judicial construction. Judge Thayer, speaking for the Federal Court of Appeals for this circuit in a case arising under the Arkansas law which has been transplanted into the Indian Territory, said: "The general consensus of judicial opinion seems to be that when personal property, which at the time is situated in a given State, is there mortgaged by the owner, and the mortgage is duly executed and recorded in the mode required by the local law, so as to create a valid lien, the lien remains good and effectual, though the property is removed to another State, either with or without the consent of the mortgagee, and although the mortgage is not re-recorded in the State to which the removal is made. The mortgage lien is given effect, however, in the State to which the property is removed solely by virtue of the doctrine of comity." *Shapard* v. *Hynes,* 104 Fed. Rep. 449.

Therefore the question of consent is not material unless made so by statute of the State creating the lien.

MR. Justice BATTLE concurs in these views.