(February 23, 1917.)

L. M. SMITH, Respondent, v. CONSOLIDATED WAGON & MACHINE COMPANY, a Corporation, and H. C. VAN AUSDELN, as Sheriff of Twin Falls County, Idaho, Appellants.

[163 Pac. 609.]

CHATTEL MORTGAGES—NOTICE—COMITY BETWEEN STATES.

1. By reason of comity between states, if personal property situated in a given state is there mortgaged by the owner and the mortgage is duly executed and recorded as by the local law required so as to create a valid lien, and if the property is thereafter removed into another state and is there sold to a purchaser without knowledge of the encumbrance, such purchaser takes title subject to the lien of the mortgage although it has not been recorded in the latter state, and this is particularly true when the removal is accomplished without the knowledge or consent of the mortgagee.

2. In order to invoke the doctrine of comity between states with respect to contracts, it is incumbent upon a party claiming such a benefit to show that his is such a contract as is contemplated by the doctrine. He must produce proof that the contract in behalf of which he seeks to invoke this rule is a foreign contract contemplated by the rule,.

[As to enforcement of chattel mortgage in foreign state to which the goods had been removed by the mortgagor, see note in Ann. Cas. 1914B, 1252.]

APPEAL from the District Court of the Fourth Judicial District, for Twin Falls County. Hon. Chas. O. Stockslager, Judge.

Suit to enjoin sale of mortgaged property. Judgment for plaintiff. *Affirmed.*

James H. Wise, for Appellants.

Under sec. 3419, Rev. Codes, the sale or transfer by Ewing to Smith is void and the mortgagor, Ewing, is guilty of larceny. (*Studebaker Bros. Co. v. Mau,* 13 Wyo. 358, 110 Am. St. 1001, 80 Pac. 151.)

A creditor of the mortgagor attaching the property of a purchaser of it must look to the title. The purchaser or creditor is bound to inquire at the former residence of the owner for encumbrances there recorded. (Jones on Chat. Mort., 260A; *Smith v. McLean,* 24 Iowa, 322; *Feurt v. Rowell,* 62 Mo. 524; *Kanaga v. Taylor,* 7 Ohio St. 134, 70 Am. Dec. 62; *Cool v. Roche,* 20 Neb. 550, 31 N. W. 367; *Lathe v. Schoff,* 60 N. H. 34; *Hornthal v. Burwell,* 109 N. C. 10, 26 Am. St. 556, 13 S. E. 721, 13 L. R. A. 740.)

The law of the place of contract, when this is also the place where the property is, governs as to the nature, validity, construction and effect of a mortgage, which will be enforced in another state, as a matter of comity, although not executed or recorded according to the requirements of the law of the latter state. (Jones on Chat. Mort., 5th ed., sec. 299; *Blyth & Fargo Co. v. Houtz,* 24 Utah, 62, 66 Pac. 611; *Handley v. Harris,* 48 Kan. 606, 30 Am. St. 322, 29 Pac. 1145, 17 L. R. A. 703;

*Ramsey v. Glenn,* 33 Kan. 271, 6 Pac. 265; *Douglas v. Douglas,* 22 Ida. 336, 125 Pac. 796.)

H. C. Hazel, for Respondent.

Where a chattel mortgage is not filed for record as required by sec. 3408, Rev. Codes, a subsequent purchaser of the property is not bound by the mortgage unless he is shown to have had actual notice of the same. (*Cowden v. Finney,* 9 Ida. 619, 75 Pac. 765; *Cowden v. Mills,* 9 Ida. 626, 75 Pac. 766.)

This being an appeal from the judgment and no motion for a new trial having been made, this case is brought within the rule that where there is substantial evidence to support the verdict or substantial conflict in the evidence, the supreme court is prohibited from setting aside such judgment. (*Buster v. Fletcher,* 22 Ida. 172, 182, 125 Pac. 226; *State v. Silva,* 21 Ida. 247, 256, 120 Pac. 835; *Eaves v. Sheppard,* 17 Ida. 268, 272, 134 Am. St. 256, 105 Pac. 407; *Gassen v. Hendrick,* 74 Cal. 444, 16 Pac. 242.)

MORGAN, J.—On May 21, 1913, D. J. Ewing and his wife, who resided in Salt Lake City, Utah, made, executed and delivered to appellant, Consolidated Wagon & Machine Company, a Utah corporation, a mortgage on a certain mare to secure the payment of $155, being the purchase price of a wagon and harness. The mortgage was duly witnessed and it was provided therein, among other things, that the mare should remain in possession of the mortgagors.

On or about September 3, 1913, Ewing, who had theretofore, without the knowledge or consent of appellant corporation, removed with the mortgaged property to Twin Falls county, Idaho, traded and disposed of it, for a valuable consideration, to respondent, who had no knowledge of the mortgage. Thereafter the attorney for appellant corporation commenced proceedings, by affidavit and notice to the sheriff of Twin Falls county, to foreclose its mortgage. The sheriff took the mare into his possession and gave notice of sale, as by law provided, whereupon this action was commenced to

procure an injunction restraining appellants from proceeding with the sale.

The case was tried to a jury, sitting in an advisory capacity, which returned its verdict in favor of the plaintiff.    Findings of fact and conclusions of law were made and judgment was thereupon entered decreeing that appellants be perpetually enjoined from selling, disposing of or otherwise interfering with the property and that possession thereof be restored to respondent.    This appeal is from the judgment.

It appears from the record that the mortgage was accompanied by the affidavit of Ewing and his wife, subscribed and sworn to on May 21, 1913, to the effect that it was made in good faith for the purpose of securing the amount named therein and without any design to delay or defraud their creditors.    A like affidavit was, on August 8, 1913, made for and on behalf of appellant corporation by Grant Hampton, its secretary and treasurer.    The mortgage was filed for record in Salt Lake county, Utah, on August 12, 1913, and never has been filed or recorded in Idaho.

The question presented by this appeal is: Does this mortgage constitute a lien upon the property which is enforceable against respondent?

The great weight of judicial opinion is that, by reason of comity between states, if personal property, situated in a given state is there mortgaged by the owner and the mortgage is duly executed and recorded as by the local law required so as to create a valid lien, and if the property is thereafter removed into another state and is there sold to a purchaser without knowledge of the encumbrance, such purchaser takes title subject to the lien of the mortgage although it has not been recorded in the latter state, and this is particularly true when the removal is accomplished without the knowledge or consent of the mortgagee.    (6 Cyc. 1089; Jones on Chattel Mortgages, 5th ed., sec. 260a; 5 R. C. L. 399, sec. 21; *Shapard v. Hynes,* 104 Fed. 449, 45 C. C. A. 271, 52 L. R. A. 675; *Kanaga v. Taylor,* 7 Ohio St. 134, 70 Am. Dec. 62; *Ord Nat. Bank v. Massey,* 48 Kan. 762, 30 Pac. 124, 17 L. R. A. 127; *Handley v. Harris,* 48 Kan. 606, 30 Am. St. 322, 29 Pac. 1145,

17 L. R. A. 703; *Hornthal v. Burwell*, 109 N. C. 10, 26 Am. St. 556, 13 S. E. 721, 13 L. R. A. 740; *Smith v. McLean* 24 Iowa, 322; *Keenan v. Stimson*, 32 Minn. 377, 20 N. W. 364.)

The law by which the validity of the lien of this mortgage must be tested is sec. 150, Compiled Laws of Utah (1907), and is as follows:

"What Necessary to Validity. Unless the possession of personal property be delivered to and retained by the mortgagee, no mortgage thereof shall be valid as against the right and interests of any person other than the parties thereto unless:

"1. The mortgage, duly witnessed by at least one person, provide that the property may remain in the possession of the mortgagor;

"2. The mortgage be accompanied by the affidavit of the parties thereto, or, in case any party is absent, by the affidavit of the parties present and that of the agent or attorney of such absent party, that the same is made in good faith to secure the amount named therein and without any design to hinder or delay the creditors of the mortgagor;

"3. The mortgage, or a copy thereof, be filed in the office of the recorder of the county where the mortgagor resides, or, in case he is a nonresident of this state, in the office of the recorder of the county or counties where the property may be at the time of the execution of the mortgage."

Since the property remained in possession of the mortgagors it was necessary, before the mortgage could become a valid lien as against the rights and interests of any person, other than the parties thereto, that it be accompanied by the affidavit mentioned in the statute above quoted, and it was further necessary that the instrument itself, or a copy thereof, be filed in the office of the recorder of Salt Lake county, Utah, where the mortgagor resided and where the property was situated, and that these things be done while the property was within that state.

In case of *Yund v. First Nat. Bank*, 14 Wyo. 81, 82 Pac. 6, the supreme court of Wyoming, having under consideration

a case growing out of facts quite similar to those involved herein, said:

"The mortgage was void as against creditors of the mortgagor in Oklahoma, unless filed; and, not being filed before the property was removed to the Indian Territory, it went there free of any lien as to creditors, and the subsequent filing in Oklahoma could create no lien upon it in a foreign jurisdiction." (See, also, *Sublett v. Hurst* (Tex. Civ.), 164 S. W. 448; *Ames Iron Works v. Warren,* 76 Ind. 512, 40 Am. Rep. 258.)

The exact date of the removal of the property to Idaho is not disclosed, but it appears from the cross-examination of respondent that he first met Ewing on Rock Creek (in Idaho) on the day before he traded for the mare and that Ewing told him he had been there about six weeks working on a ranch and that the mare had been in an alfalfa pasture there nearly a month.

J. P. May, manager of the collection department of appellant corporation, states in his deposition that Ewing and his wife, about August 1, 1913, visited his office, which is located in Salt Lake, and asked permission to take the wagon, harness and mare to Milford, Utah, which was refused. Further, that Mr. Ewing called again the next day and asked permission to sell the wagon and harness which was also denied. Mr. May further testified:

"August 11, 1913, Mrs. Ewing again came into my office and began to cry, stating excitedly that her husband had left Utah, taking what little money they had, as well as the mare and colt and harness and wagon. She said she thought he would sell everything and go, perhaps, to Australia, and wanted us to help find him."

For the lien of this mortgage to be effective against the rights of respondent, it is necessary that the property have been in Utah, not only when Hampton made his affidavit on August 8th, but when the mortgage was filed for record on August 12th. It was necessary that appellants prove this in order to bring themselves within the scope of the doctrine of comity between states. This they have failed to do, but

the testimony above quoted tends strongly to indicate to the contrary.

In case of *Hare v. Young,* 26 Ida. 682, 146 Pac. 104, this court said:

"In order to invoke the doctrine of comity between states with respect to contracts, it is incumbent upon a party claiming such a benefit to show that his is such a contract as is contemplated by the doctrine. He must produce proof that the contract in behalf of which he seeks to invoke this rule is a foreign contract contemplated by the rule."

The judgment of the trial court is affirmed. Costs are awarded to respondent.

Budge, C. J., and Rice, J., concur.