(March 21, 1917.)

## J. H. MOORE and DANIEL F. REGAN, Respondents, v. KEYSTONE DRILLER COMPANY, a Corporation, and H. C. VANAUSDELN, Appellants.

[163 Pac. 1114.]

CHATTEL MORTGAGES—COMITY BETWEEN STATES.

If personal property situated in a foreign state is there encumbered by a mortgage duly executed and recorded so as to create a valid lien thereon and if it is thereafter, with the consent of the mortgagee, removed into Idaho and is here sold to a purchaser who has no knowledge of the encumbrance, such purchaser takes title *which is not subject to the lien of the mortgage.*

[As to removal of mortgaged chattels to another state and effect of same on the lien, see note in 30 Am. St. 324.]

APPEAL from the District Court of the Fourth Judicial District, for Twin Falls County. Hon. Wm. A. Babcock, Judge.

Action to enjoin sale of mortgaged property. Judgment for plaintiffs. *Affirmed.*

James H. Wise, for Appellants.

Possession of personal property is mere *prima facie* evidence of ownership. If the holder of the property has recently come from an adjoining state, there may be a mortgage upon the property in that state, and a purchaser or creditor must exercise his diligence by inquiring there whether the property is encumbered. (Jones on Chattel Mortgages, 260A; *Studebaker Bros. Co. v. Mau,* 13 Wyo. 358, 110 Am. St. 1001, 80 Pac. 151; *Shapard v. Hynes,* 104 Fed. 449, 45 C. C. A. 271,

On failure to renew chattel mortgage as affecting purchase or encumbrancer of property before lien of mortgage had expired, see note in 47 L. R. A., N. S., 668.

Authorities discussing the question of removal of mortgaged property from state with consent of mortgagee, as affecting his lien, see note in 64 L. R. A. 356; 6 L. R. A., N. S., 940; 35 L. R. A., N. S., 385.

52 L. R. A. 675; *Jones v. North. Pac. Fish & Oil Co.*, 42 Wash. 332, 114 Am. St. 131, 84 Pac. 1122, 6 L. R. A., N. S., 940.)

The removal of a mortgagor from town or county in which he resided when the mortgage was executed and where it was duly recorded, and the taking of the mortgaged property with him does not invalidate the record of the mortgage or necessitate the recording of it again in the town or county to which he has moved. (Jones on Chat. Mort., sec. 260; *Brigham v. Weaver*, 6 Cush. (60 Mass.) 298; *Barrows v. Turner*, 50 Me. 127; *Hoit v. Remick*, 11 N. H. 285; *Pease v. Odenkirchen*, 42 Conn. 415; *Elson v. Barrier*, 56 Miss. 394; *Cool v. Roche*, 20 Neb. 550, 31 N. W. 367; *Grand Island Banking Co. v. Frey*, 25 Neb. 66, 13 Am. St. 478, 40 N. W. 599; *Hudmon v. Du Bose*, 85 Ala. 446, 5 So. 162, 2 L. R. A. 475; *Griffith v. Morrison*, 58 Tex. 46; *Keenan v. Stimson*, 32 Minn. 377, 20 N. W. 364; *Harris v. Allen*, 104 N. C. 86, 10 S. E. 127; *First Nat. Bank v. Weed*, 98 Mich. 357, 373, 50 N. W. 864; *Bailey v. Costello*, 94 Wis. 87, 68 N. W. 663; *Farmers & Merchants' State Bank v. Sutherlin*, 93 Neb. 707, Ann. Cas. 1914B, 1250, 141 N. W. 827, 46 L. R. A., N. S., 95.)

The law of the place of contract, when this is also the place where the property is, governs as to the nature, validity, construction and effect of a mortgage which will be enforced in another state, as a matter of comity, although not executed or recorded according to the requirements of the law of the latter state. (Jones on Chat. Mort., 5th ed., sec. 299; *Blyth & Fargo Co. v. Houtz*, 24 Utah, 62, 66 Pac. 611; *Handley v. Harris*, 48 Kan. 606, 30 Am. St. 322, 29 Pac. 1145, 17 L. R. A. 703; *Ramsey v. Glenn*, 33 Kan. 271, 6 Pac. 265; *Douglas v. Douglas*, 22 Ida. 336, 125 Pac. 796.)

C. M. Booth, for Respondents.

The Keystone Driller Co. practically waived their lien as against the purchaser, Daniel E. Regan, as they knew of the removal of the property from Missouri to Idaho, and knew that the property was located in Twin Falls, Idaho, for a period of over two years, during which time they had failed to file their mortgage for record in Twin Falls county.

(*Adams v. Fellers,* 88 S. C. 212, 70 S. E. 722, 35 L. R. A., N. S., 385; *Pennington County Bank v. Bauman,* 87 Neb. 25, 126 N. W. 654; *F. E. Creelman Lumber Co. v. Lesh,* 73 Ark. 16, 3 Ann. Cas. 108, 83 S. W. 320.)

It was through the fault of appellant that the respondent Moore was able to have as to this property all the *indicia* of ownership in Twin Falls county, and by reason of his *indicia* of ownership the respondent Regan had a right to believe that Moore could legally part with title. (*Hare v. Young,* 26 Ida. 682, 146 Pac. 104.)

MORGAN, J.—On April 28, 1909, respondent, Moore, executed and delivered to appellant, Keystone Driller Company, hereinafter called the company, three promissory notes for $284.97 each in Lawrence county, Missouri, and at the same time and place, to secure the payment thereof, executed, acknowledged and delivered to the company a chattel mortgage upon a drilling outfit situated in that county and state. The mortgage was duly recorded in accordance with the laws of the state of Missouri relating to chattel mortgages on April 30, 1909, and shortly thereafter Moore removed the property to Twin Falls county, Idaho, and on August 1, 1911, sold it to respondent, Regan, in that county. At the time of this sale the mortgage had not been recorded in Idaho and Regan had no notice of any claim or lien of the company to or upon the property. On December 10, 1913, the company instituted proceedings, by affidavit and notice, to foreclose the mortgage and appellant, Vanausdeln, the sheriff of Twin Falls county, was acting under such foreclosure proceedings when enjoined by the court.

It is alleged in the complaint, and denied in the answer, that the removal of the chattels from Missouri was effected with the knowledge and consent of the company, and that Moore, during the year 1909, after the removal, advised it to file a copy of the mortgage for record in Twin Falls county. However, the only testimony offered upon that point supports the allegations of the complaint.

The court rendered judgment in favor of respondents, decreeing that Regan was the owner of the property and that it was free of any lien in favor of the company, and issued a permanent injunction restraining appellants from taking and selling the same.   This appeal is from the judgment.

By reason of comity between states the chattel mortgage executed and recorded in Missouri must be treated as a valid lien in this state, and, after the removal of the property to this state, a purchaser here takes title subject to the lien of the mortgage recorded in Missouri, even though it has not been recorded here.   (*Smith v. Consolidated Wagon & Machine Co., ante,* p. 148, 163 Pac. 609, and cases therein cited.)

The only question to be decided in this case is whether or not this comity is to be extended in instances where the removal of the chattels was effected with the knowledge and consent of the mortgagee.   Most of the decisions holding to the rule of comity are silent as to the effect the consent by the mortgagee to the removal of the property would have upon the application of the rule.   The decisions which do discuss this phase of the question are hopelessly divided.   (5 R. C. L., pp. 398–400.)

The case of *Shapard v. Hynes,* 104 Fed. 449, 45 C. C. A. 271, 52 L. R. A. 675, is sometimes referred to as an authority holding that the rule of comity is extended in cases where the mortgaged chattels were removed with the consent of the mortgagee, but in that case the decision of the court upon that point was not necessary, as the question of consent was not in issue.

In the case of *F. E. Creelman Lumber Co. v. Lesh,* 73 Ark. 16, 3 Ann. Cas. 108, 83 S. W. 320, the doctrine of comity was adhered to, but Mr. Justice Wood, who wrote the opinion, stated that the court would not decide what effect consent to removal would have as that question had not been raised. Hill, C. J., in a specially concurring opinion, however, deemed it advisable to settle the question, and held that consent to removal does not qualify the rule.

We hold, however, that when we recognize, as a valid lien, a chattel mortgage given upon property in another state,

which property is thereafter removed to Idaho without the knowledge or consent of the mortgagee, we have accorded the sister state the full measure of courtesy contemplated by the rule of comity.  To go further and hold that the rule applies where the removal was effected with the mortgagee's consent, that the mortgage need not be recorded here, but that the innocent purchaser is chargeable with notice which the mortgagee could have and in good conscience should have given him and did not, is beyond the spirit of the rule and in violation of the rights of citizens of our own state.  By such consent the mortgagee negligently places it in the power of the mortgagor to deceive and defraud innocent people in the state into which the property is taken.  He should be and is deemed to have waived his lien against such innocent parties upon the principle that where one of two persons must suffer by reason of the wrongful act of a third, the injury must be borne by him by whose conduct the wrongful act has been made possible.

The following are authorities holding that the rule of comity does not apply where the removal was with the consent of the mortgagee.  (*Jones v. North Pacific Fish & Oil Co.*, 42 Wash. 332, 114 Am. St. 131, 84 Pac. 1122, 6 L. R. A., N. S., 940; *Blythe v. Crump*, 28 Tex. Civ. 327, 66 S. W. 885; *Greene v. Bentley*, 114 Fed. 112, 52 C. C. A. 60; *Pennington County Bank v. Bauman*, 87 Neb. 25, 126 N. W. 654; *Newsum v. Hoffman*, 124 Tenn. 369, 137 S. W. 490.)

The judgment appealed from is affirmed.  Costs are awarded to respondents.

Budge, C. J., and Rice, J., concur.