## In re DAVIES.

(District Court, W. D. Tennessee, W. D.   March 4, 1919.)

No. 4602.

1. BANKRUPTCY ⬤⟿184(1)—CLAIMS—RIGHTS OF PARTIES.
   Where personal property of the bankrupt, mortgaged in Illinois, was with consent of the mortgagees removed to Tennessee, and thence removed to Mississippi, and later carried to Arkansas, wherein the mortgagor was adjudicated a bankrupt, rights of the mortgagees and general creditors must be determined by the Arkansas laws.

2. BANKRUPTCY ⬤⟿184(1)—RIGHTS OF MORTGAGEES—REMOVAL OF PROPERTY.
   Where mortgaged chattels, with consent of the mortgagee, were taken from the state where the mortgage was executed, and thence brought into Arkansas, held, that the mortgage lien continued and might be asserted by the mortgagee to obtain priority over general creditors, on bankruptcy of the mortgagor, which occurred while the property was in Arkansas; it appearing that the mortgage was registered in Arkansas prior to bankruptcy.

3. COURTS ⬤⟿366(18)—DECISION OF STATE COURT AS CONTROLLING.
   In absence of a decision by the highest court of the state, as to rights under a chattel mortgage, the federal District Court will follow the rule of decision prevailing in the Circuit Court of Appeals for the district.

4. ACKNOWLEDGMENT ⬤⟿5 — REGISTRATION OF MORTGAGE — REACKNOWLEDGMENT.
   Where mortgaged chattels, with the consent of the mortgagee, were removed from the state where the mortgage was executed and registered, and later brought into Arkansas, held, that no reacknowledgment was necessary to registration in Arkansas.

5. CHATTEL MORTGAGES ⬤⟿61—EXECUTION—STATUTES.
   Where, after chattel mortgage was executed and registered in foreign state, chattels were brought into Arkansas, and the mortgage there registered, held, that Kirby & Castle's Dig. Ark. §§ 840, 844, 6397, requiring chattel mortgages to be acknowledged as required for deeds of real estate, did not apply.

In Bankruptcy. In the matter of the bankruptcy of R. M. Davies. Roach & Stansell objected to an order of the referee allowing Baer Bros. priority by virtue of a chattel mortgage on property that was sold. On certification of exceptions. Order affirmed.

Henry Craft, of Memphis, Tenn., for plaintiff.
W. B. Rosenfield, of Memphis, Tenn., for defendant.

McCALL, District Judge. On the 8th day of October, 1917, R. M. Davies executed his several promissory notes to Baer Bros. and secured the payment thereof by executing on even date a mortgage on 28 head of mules. The mortgage was properly acknowledged and filed for registration in St. Clair county, state of Illinois, in which county both the mortgagor and mortgagees lived, and where the prop-

erty was at that time located. No question was raised as to the bona fides of the indebtedness, nor as to the validity of the mortgage in the state of Illinois.

Davies was a levee contractor, and had employment at Millington, Shelby county, Tenn. Soon after the execution of the mortgage, by and with the consent of the mortgagees, Davies removed the property to Millington, Tenn., to perform his contract there. The mortgage was not recorded in Tennessee. Thereafter, and without the knowledge or consent of the mortgagees, Davies removed the property into the state of Mississippi, and from there into the state of Arkansas, in the summer of 1918, to perform a levee contract he had made with Roach & Stansell. It became necessary for Davies to borrow money as the work progressed to take care of his pay roll, and this he, from time to time, borrowed from Roach & Stansell, to the amount of about $4,500. Davies did not disclose to them the fact of the Illinois mortgage, nor did Roach & Stansell know of its existence. It was represented to them by Davies that the property was all his, and following this representation they loaned the money to Davies without security. The Illinois mortgage was registered in Arkansas on December 14, 1918, after Roach & Stansell's debt was contracted.

On December 19, 1918, R. M. Davies was adjudged a voluntary bankrupt by this court, and scheduled as a part of his assets 23 mules, then in Crittenden county. Ark., which were covered by the Illinois mortgage. The trustee, if not with the consent, did with the acquiescence of the mortgagees, take possession of and sell the mules as the property of the bankrupt estate, and now has in hand the money arising from said sale.

Roach & Stansell filed their claim with the trustee as an unsecured claim against the bankrupt estate. Baer Bros. filed their notes for $1,814.62 against the bankrupt estate as a secured claim under the mortgage executed in Illinois and re-registered in Arkansas. On the same day Roach & Stansell filed exceptions to said claim as a preferred or lien claim, insisting that the mortgage under which the preference was claimed was not valid as against them as creditors of R. M. Davies, the bankrupt, because the property in question had been removed from the state of Illinois with the consent of the mortgagees, and subsequently into the state of Arkansas, and had not been legally registered in the latter state, and that they were without notice of its existence at the time of the extension of the credit by them to Davies.

The referee held that Baer Bros. at the date of adjudication had a valid mortgage on the property, and therefore had a preferred claim against the funds arising from the sale thereof by the trustee in bankruptcy, and overruled the exceptions of Roach & Stansell. Upon exceptions by them to the action of the referee, he has certified the case for review.

[1-3] The referee was of opinion that the rights of the parties should be determined by the laws of the state of Arkansas. I concur in that view. In re Nuchols (D. C.) 201 Fed. 437; Potter Mfg. Co. v. Arthur, 220 Fed. 843, 136 C. C. A. 589, Ann. Cas. 1916A, 1268; Title Guaranty Co. v. Witmire, 195 Fed. 41, 115 C. C. A. 43.

In Creelman Lumber Co. v. Lesh & Co., 73 Ark. 16, 83 S. W. 320, 3 Ann. Cas. 108, it was decided that where personal property removed to Arkansas was covered by a mortgage executed and recorded in another state, it will be good by comity, and the lien created by such mortgage was not misplaced by such removal. In that case the removal of the property from the state of its execution was without the consent of the mortgagee. That fact distinguishes it from the instant case, wherein the mortgaged property was removed from Illinois with the consent of the mortgagees. Whether the court would have sustained the lien through comity in the Creelman Case, supra, had it appeared that the property was removed out of the state where the mortgage was executed with the consent of the mortgagee, is not determined, although it appears the minority of the court was of opinion that it should so decide. Hill, C. J., in concurring opinion, 73 Ark. 16, 83 S. W. 320, 3 Ann. Cas. 108.

Judge Thayer, speaking for the Circuit Court of Appeals for the Eighth Circuit, in a case quite similar to this one, which arose under Arkansas law, said:

"The general consensus of judicial opinion seems to be that when personal property, which at the time is situated in a given state, is there mortgaged by the owner, and the mortgage is duly executed and recorded in the mode required by the local law so as to create a valid lien, the lien remains good and effectual, although the property is removed to another state, either with or without the consent of the mortgagee, and although the mortgage is not recorded in the state to which the removal is made. The mortgage lien is given effect, however, in the state to which the property is removed, solely by virtue of the doctrine of comity." Shapard v. Hynes, 104 Fed. 449, 45 C. C. A. 271, 52 L. R. A. 675.

This court called upon to determine and give effect to the laws of Arkansas, in the absence of decisions of the question in point by the highest court of that state, feels bound by the rule announced in Shapard v. Hynes, supra.

[4] But, if mistaken in this, then I am of opinion that it was not necessary to the registration of the mortgage in Arkansas that it should have been reacknowledged by the mortgagor in order to effect a lien on the property covered by it and which had been removed into that state. The lien already existed by virtue of the execution and registration of the instrument in Illinois, and was good everywhere as between the mortgagor and mortgagees. If necessary to register again in Arkansas, it was not for the purpose of validating a lien; but to give constructive notice of the already existing lien to the people of Crittenden county, Ark. Shapard v. Hynes, supra; Alferitz v. Ingalls (C. C.) 83 Fed. 965; Smead v. Chandler, 71 Ark. 517, 76 S. W. 1066, 65 L. R. A. 353; Dodd v. Parker, 40 Ark. 536; Ringo v. Wing, 49 Ark. 457, 5 S. W. 787.

[5] It is insisted, however, that a chattel mortgage legally executed between parties and on chattels in another state, if such property be removed to Arkansas with consent of the mortgagee, it must be reacknowledged according to the requirements of law in that state for deeds to real estate in order to make it a valid lien as to third parties. Kirby & Castle's Digest Ark. §§ 840, 844, 6397. This is true as to

mortgages executed on chattels in Arkansas. But it cannot be said with reason that the Legislature, when providing the forms of acknowledgment to deeds for real estate, had in mind real estate outside the boundaries of that state; hence it would seem to follow that, in providing that chattel mortgages must be acknowledged according to the requirements for deeds to real estate, they likewise must have had in mind only chattels situated in that state when the mortgage was executed and the lien created, and did not intend to prescribe a form for or require reacknowledgment of chattel mortgages properly executed on property in a foreign state and there registered, as in this case.

There are other questions raised which have been considered, but, since they seem to be without merit, it is not deemed necessary to discuss them.

An order will be entered, affirming the order of the referee, with costs, and re-referring the case for further proceeding.