185 P.2d 525

**RAGNER et al. v. GENERAL MOTORS ACCEPTANCE CORPORATION.**

No. 4885.

Supreme Court of Arizona.

Oct. 14, 1947.

Moore, Romley & Roca, of Phoenix, for appellants.

Theodore G. McKesson and Thomas P. Riordan, both of Phoenix, for appellee.

BLAKE, Superior Judge.

This is an action of General Motors Acceptance Corporation, a corporation, plaintiff, against Helen Ragner, J. R. Dick and Joe Dick Motor Sales Corporation, a corporation, defendants (appellants herein), to recover possession of an automobile. A brief statement of the facts as stipulated is as follows:

On November 3, 1944, at Shreveport, Louisiana, one Bernace Lee Franklin, falsely representing himself to be H. J. Franklin of Kilgore, Texas, purchased the Plymouth Coupe automobile in question from Dixie Pontiac Co., Inc., for a consideration of $1,493.75, of which sum $629.75 was paid in cash and the balance of $864 by a note and chattel mortgage, payable in 12 equal installments of $72 each. The first installment was due on the fourth day of December, 1944. These instruments provided that the whole amount thereof should become payable immediately upon default of any monthly payment. The Dixie Pontiac Company assigned the note and mortgage to plaintiff corporation herein, and it was recorded in the Parish of Caddo, Louisiana, on November 9, 1944, as required by the law of Louisiana. It was also recorded in Gregg County, Texas, the true residence of Bernace Lee Franklin.

On November 3, 1944, Bernace Lee Franklin, representing himself to be H. J. Franklin, caused the car to be properly registered and licensed in Louisiana in the name of H. J. Franklin and obtained a registration card therefor. On the 10th day of November, 1944, Bernace Lee Franklin, still representing himself to be H. J. Franklin, presented to the Arizona Highway Department the Louisiana registration card and a bill of sale dated the same date, purportedly conveying the car from one Edward Williams of Leesville, Louisiana (who at no time had been the owner or in possession of said car), to H. J. Franklin. On the same day, the Arizona Highway Department issued its certificate of title evidencing ownership of the car in H. J. Franklin, free and clear from liens and incumbrances.

On November 14, 1944, Franklin, still representing himself to be H. J. Franklin, sold and delivered said automobile for a cash consideration to Joe Dick Motor Sales Corporation, one of the defendants herein, and signed and surrendered the Arizona certificate of title.

On January 19, 1945, Joe Dick Motor Sales Corporation sold and delivered the car for a cash consideration to defendant Helen Ragner. On the same day, plaintiff learned of the issuance of a title in Arizona, and demanded of the Arizona Highway Department that it accept the Louisiana chattel mortgage for filing, which the department refused to do; whereupon plaintiff corporation filed said mortgage in the office of the Maricopa County Recorder. On January 22, 1945, the Arizona Highway

Department issued a new certificate of title to defendant Helen Ragner.

It was further shown by the stipulation of facts that no part of the indebtedness remaining on the car after the down payment had been paid and that the whole amount thereof became due after default on the first payment of the note and mortgage, December 4, 1944.

It was also stipulated that the issues to be determined by the court were whether or not plaintiff was entitled to possession of said automobile; that the value of the car was fixed at the sum of $925; and that if the issues were determined in favor of plaintiff, plaintiff elected to take judgment against defendants for the sum of $925. Judgment was given plaintiff by the lower court for the sum of $925.

Appellants appeal from this judgment, basing their appeal upon a single assignment of error, to wit: "The court erred in finding appellee to be entitled to the possession of the automobile in question and in giving judgment to appellee for its value for the reason that the Louisiana chattel mortgage upon which appellee's claim of title was based, not having been filed in accordance with Arizona law, was and is wholly invalid against appellants as subsequent purchasers without notice."

There are three propositions of law submitted by appellants in support of their assignment of error, as follows:

"I. No chattel mortgage affecting title to any registered motor vehicle in Arizona is valid as against subsequent purchasers without notice until a copy of the instrument, executed in accordance with Arizona law, has been deposited with the Arizona Highway Department."

"II. Where a statute is plain and unambiguous, it is to be construed in conformity to its obvious meaning without regard to the previous state of the law."

"III. The established rules of law applicable to the subject are presumed to have been within the full knowledge of and considered by the legislature when enacting a statute."

Appellants admit in their opening brief that their assignment of error and first proposition of law fly squarely in the face of the 1928 ruling of this court in Forgan v. Bainbridge, 34 Ariz. 408, 274 P. 155, 157, to wit: "We therefore hold the law of Arizona to be in consonance with that of the great majority rule, to the effect that, when personal property incumbered by a mortgage valid as against a subsequent innocent purchaser in the state in which the property was located when the mortgage was given is surreptitiously removed to this state, the mortgagee may follow the property, and his rights are superior to those of a similar purchaser within this state, *in the absence of a statute providing to the contrary.*" (Emphasis supplied.)

It is the appellants' contention, however, that the legislature of Arizona, in 1937 in passing a new motor vehicle law for the state of Arizona, did pass a *statute to the contrary*. In other words, the 1937 Act of the Arizona legislature did, by clear and concise language, abrogate the rule of comity as far as Arizona is concerned, as established in the Forgan case, supra, as it applies to chattel mortgages on motor vehicles, which statute now appears in section 66-231, A.C.A.1939.

It is the appellee's contention that section 66-231, mentioned above, refers merely to a motor vehicle registered in Arizona, and that the rule of comity applies to foreign mortgages on automobiles sold in a foreign state and properly recorded therein and thereafter removed to the State of Arizona, as in the case at bar.

In Forgan v. Bainbridge, supra, Judge Lockwood said: "The rule of comity is essentially based upon the principal of reciprocity. It is the necessary intercourse of the subjects of independent governments which gives rise to a sort of compact or understanding that their municipal institutions shall receive a degree of reciprocal efficacy and sanction within their respective dominions. * * *"

■ The rule of comity is not extended as a right, but as a recognition of the laws of a sister state.

This court has heretofore adopted the general rule of comity as it applies to foreign chattel mortgages (i. e. mortgages executed and recorded in the foreign state in which the property is located). We have held them to be valid as against a subsequent innocent purchaser in said state to which the property was surreptitiously removed. Forgan v. Bainbridge, supra; Davis v. Standard Accident Ins. Co., 35 Ariz. 392, 278 P. 384. We are loath to restrict or make an exception to that principle unless it is opposed to a clear statutory policy or enactment of this state in regard to motor vehicles. For the determination of this question we must analyze our code section 66-231. Appellants' first proposition of law, which they contend abrogates the rule of comity as formerly adopted by this court, is practically a rescript of a portion of section 66-231. It reads as follows: "No chattel mortgage affecting title to any registered motor vehicle in Arizona is valid as against subsequent purchasers without notice until a copy of the instrument, executed in accordance with Arizona law, has been deposited with the Arizona Highway Department."

■ It is appellants' contention that this statute is new and dictates the exclusive procedure for the recording and issuance of certificates of title and the establishment of liens. They admit that it is not applicable to chattel mortgages on personal property other than automobiles. It is their position that the statute is plain and unambiguous and is to be construed in conformity with its obvious meaning without regard to the

previous state of the law. Citing 50 Am. Jur., Statutes, sec. 374; Automatic Registering Mach. Co. v. Pima County, 36 Ariz. 367, 285 P. 1034; Industrial Commission v. Price, 37 Ariz. 245, 292 P. 1099; Perkins v. Hughes, 53 Ariz. 523, 91 P.2d 261; Peterson v. Central Ariz. Light & Power Co., 56 Ariz. 231, 107 P.2d 205. They insist that the statute "does not say 'No * * * chattel mortgage * * * is valid except mortgages validly executed outside Arizona.' The language is plain: 'No * * * chattel mortgage * * * is valid as against * * * subsequent purchasers * * * until' and there can be no room for doubt or for reference to the state of the law prior to its enactment."

It would seem that said statute is not so restricted. Reading from (b) of section 66-231, it will be determined that a copy of the instrument creating the lien, in this case the foreign chattel mortgage, to be eligible for recordation with the Highway Department shall "be executed in the manner required by the laws of this state and *accompanied by the certificate of title last issued for such vehicle.*" (Emphasis supplied.) Then it provides what should be done if said vehicle has not theretofore been registered and no prior certificate of title issued.

It seems the legislature had in mind in the new legislation the method of registration and issuance of certificates of title of motor vehicles and liens thereon *first arising in Arizona,* and had no thought of foreign liens or incumbrances. The legislature stated in express language that a lien or incumbrance to be filed with the division should be accompanied by a certificate of title. This could not be done by a foreign mortgage holder for the reason that such mortgagee would not hold or have in his possession the foreign certificate of title or registration card, as it would be in the possession of the title owner of the car, as was the case herein. Of course, it could be said that a resident mortgagee would not have the previously issued certificate of title in his possession for presentation to the Highway Department in connection with filing his chattel mortgage. However, he would have in his power the right to require the mortgagor to surrender the possession of the former certificate of title for the purpose of filing his lien, and in fact would not accept such chattel mortgage without the surrender of the certificate of title to the Highway Department in order that the lien might be inserted in the certificate of title.

 We are of the opinion that this statute contains no implied abrogation of the rule set forth in the Forgan case. The statute was not intended to have extraterritorial effect other than would be accorded it through the rule of comity. This statute sets forth the modus operandi for registering motor vehicles, securing certificates of title, and establishing liens in this state by and for the citizens of this state. The stat-

ute specifically says that a lien can be acquired only in the manner set forth in the statute, and that the instrument creating the lien "shall be executed in the manner required by the laws of this state. * * *" It is inconceivable that the legislature contemplated that it had the authority or was attempting to set forth the manner in which other states might create the means for establishing liens. The legislature is presumed to have known of the holding of this court in the Forgan case. To adopt the rule contended for by appellants would result in gross inequities. Though the language of the statute is broad enough to authorize the interpretation contended for by appellants, certainly it is not compelling nor do we believe that it is warranted.

From this and other intendments, we do not believe it was the purpose or intent of the legislature in its Act of 1937, section 66-231, to include the filing of foreign chattel mortgages on motor vehicles and thereby abrogate the rule of comity as established in Forgan v. Bainbridge.

The judgment of the lower court is affirmed.

LaPRADE and UDALL, JJ., concur.

Note: Chief Justice R. C. STANFORD, having disqualified himself, the Honorable Benjamin BLAKE, Judge of the Superior Court of Graham County, was called to sit in his stead.