**368 P.2d 430**

**PACIFIC FINANCE CORPORATION, a corporation, Plaintiff-Respondent,**

v.

**Milo AXELSEN, Defendant-Appellant.**

**No. 8941.**

Supreme Court of Idaho.

Jan. 26, 1962.

Gigray & Boyd, Caldwell, for appellant.

Smith & Miller, Caldwell, C. Ben Martin, Boise, for respondent.

**TAYLOR, Justice.**

Plaintiff (respondent) objects to a review of questions of fact in this case on the ground that the reporter's transcript was not settled by the trial judge. The transcript is properly certified by the court

reporter and contains an acknowledgment of service by counsel for plaintiff, and does not show any designation of errors by either party. The completed transcript is properly certified by the clerk. Under such circumstances, the reporter's transcript is "deemed settled by the judge." I.C. § 10–509. See Geist v. Moore, 58 Idaho 149, 70 P.2d 403.

■ Plaintiff calls attention to the fact that the transcript does not contain the pretrial order, and to the statement of the trial judge at the opening of the trial as follows:

> "There has been a pretrial order made in this case under date of May 11, 1959, in which certain facts are agreed, certain issues of fact are in controversy, certain law questions to be determined."

To the extent that the findings depend upon facts as to which no evidence was admitted, we will presume that such facts were agreed upon in conformity with the findings. Nash v. Hope Silver-Lead Mines, Inc., 79 Idaho 137, 314 P.2d 681.

October 22, 1955, Frank Morgan and wife purchased from Hunter Motor Company at Salt Lake City, Utah, a 1953 Ford automobile, and executed and delivered to the seller their conditional sales contract for $1365.-60, payable $56.90 per month, commencing November 22, 1955. The contract provides that the title shall not pass to the purchaser until the contract balance is fully paid, and that the purchaser shall not remove the car from the state or transfer any interest therein without the written consent of the seller. In this transaction the Morgans gave their address as "416" South State Street, Salt Lake City. On the same day, October 22, 1955, the conditional sales contract was assigned to the plaintiff by the Hunter Motor Company, and on the same day the Morgans executed an application to the Utah tax commission for a certificate of title, in which they gave their address as "2416" South State Street, Salt Lake City, Utah, and in which they named the plaintiff as the holder of a lien on the car. November 4, 1955, the Utah state tax commission issued a certificate of title to Morgan and wife at the address shown on the application, and subject to the lien held by plaintiff. The Morgans paid the November, 1955, installment on the contract sometime in December, and thereafter defaulted.

Without the knowledge or consent of the plaintiff, the Morgans removed the automobile to Idaho. The exact date of the removal does not appear, but from the testimony of one Webster, a witness for the plaintiff, and one Bird, a witness for the defendant, it appears that Morgans came to Idaho in November or December, 1955. The trial court found that Morgan was a resident of the state of Utah, temporarily in Idaho. On January 27, 1956, the sheriff of Ada County, Idaho, took possession of

the automobile pursuant to writ of execution issued upon a judgment, dated December 2, 1955, obtained by one Waldner against Morgan. The sheriff fixed the date of sale for February 4, 1956. February 3, 1956, the plaintiff filed with the sheriff a third party claim, setting forth its interest in the automobile. Thereupon, the defendant (appellant) herein, acting as Waldner's attorney, procured a bond to be posted indemnifying the sheriff against plaintiff's claim, and the automobile was sold by the sheriff to defendant. Defendant testified that he purchased the car for the purpose of speculation and, after making some repairs, sold it to a third party.

This action was commenced by the plaintiff to recover the car or its value.

Upon trial, the court found:

"That at the time of the issuance of the writ of execution and the holding of the execution sale of the automobile the said Frank Morgan was a resident of the State of Utah, and that at no time had the plaintiff given its permission for the said automobile to be removed from the State of Utah, nor had the plaintiff at any time prior to the filing of its third party claim had any knowledge that the automobile had been removed from the State of Utah;"

that defendant had sold the car and could not return it; that at the time of the execution sale the car was of a reasonable value of $1000; and concluded that under the rule of comity the defendant purchased the automobile at the sheriff's sale subject to plaintiff's lien. Judgment was entered in favor of plaintiff for the sum of $1000 damages, plus statutory interest and costs. Defendant prosecutes this appeal from the judgment.

The rule of comity recognized by nearly all of the states of the Union is generally stated as follows:

"By the great weight of authority, both in cases involving chattel mortgages and in cases involving conditional sales, the lien of a mortgage or conditional sale contract properly perfected by recordation or filing or otherwise, and according to the law of the state in which it was executed and the property covered was found at the time, continues to have priority even after the removal of the property (at least if the removal is without the knowledge and consent of the mortgagee or conditional vendor) to another state, over the rights and claims acquired in such latter state of purchasers from or creditors of the mortgagor or conditional vendee." Anno., Conflict of Laws, 13 A.L.R.2d 1318.

"By weight of authority a mortgage, if valid and properly executed and recorded according to the law of the state where the mortgage is executed

and the property at the time is located, will be held valid even as against bona fide creditors and purchasers in another state to which the property is removed by the mortgagor, unless it contravenes the statute or settled law or policy of the forum." 14 C.J.S. Chattel Mortgages § 15.

See also 15 C.J.S. Conflict of Laws § 18(3). Other cases supporting general rule: Ragner v. General Motors Acceptance Corp., 66 Ariz. 157, 185 P.2d 525; Mosko v. Smith, 63 Wyo. 239, 179 P.2d 781; Hart v. Oliver Farm Equip. Sales Co., 37 N.M. 267, 21 P.2d 96, 87 A.L.R. 962; Walker Motor Exchange v. Lindberg, 86 Mont. 513, 284 P. 270; Mercantile Acceptance Co. v. Frank, 203 Cal. 483, 265 P. 190, 57 A.L.R. 696, Anno. 702; Globe Grain & Milling Co. v. DeTweede Northwestern & Pac. Hypotheekbank (C.C.A.9th) 69 F.2d 418; Metro-Plan, Inc. v. Kotcher-Turner, Inc., 296 Mich. 400, 296 N.W. 304; Emerson-Brantingham Imp. Co. v. Ainslie, 38 S.D. 472, 161 N.W. 1001; Ball Bros. Trucking Co. v. Sorenson (Tex.Civ.App.) 191 S.W.2d 908; Pacific Finance Loans v. Guidry (La. App.) 69 So.2d 56; General Motors Acceptance Corp. v. Nuss, 195 La. 209, 196 So. 323. The rule was stated by this court as follows:

"The great weight of judicial opinion is that, by reason of comity between states, if personal property, situated in a given state, is there mortgaged by

the owner and the mortgage is duly executed and recorded as by the local law required so as to create a valid lien, and if the property is thereafter removed into another state and is there sold to a purchaser without knowledge of the encumbrance, such purchaser takes title subject to the lien of the mortgage, although it has not been recorded in the latter state, and this is particularly true when the removal is accomplished without the knowledge or consent of the mortgagee." Smith v. Consolidated Wagon, etc., Co., 30 Idaho 148, at 151, 163 P. 609, at 610.

The rule was again recognized by this court in Moore v. Keystone Driller Co., 30 Idaho 220, 163 P. 1114, L.R.A.1917D, 940. In that case the rule was not applied because the removal was not without the knowledge and consent of the mortgagee.

■ Defendant assigns as error the finding of the trial court that Morgan was temporarily in Ada County, Idaho, and that he was a resident of the state of Utah and produced testimony by the witness Bird tending to show that Morgan was a resident of Idaho, that he had been absent from the state on construction work in Utah and Wyoming during a part of the year 1955, and that he was living in Idaho in November and December of that year. Actually the legal residence of Morgan during the time involved is beside the point. The

court found, and the facts support the finding, that the conditional sales contract was executed in Utah, filed with the Utah State Tax Commission; that title certificate was issued upon the application made by Morgan; all while the car was in the state of Utah; and that plaintiff held a valid contract lien upon the car under the laws of the state of Utah. The fact that the Morgans may have misrepresented their actual residence would not affect the validity of plaintiff's contract.

Plaintiff's local branch manager testified that he located Morgan in Ada County in December, 1955, or January, 1956, and at that time the car had been attached by the sheriff. The plaintiff was not guilty of laches prejudicial to defendant, especially in view of the fact that defendant had notice of plaintiff's claim before the sheriff's sale.

Defendant contends that the rule of comity is not applicable here because of the provision of our law to the effect that no chattel mortgage, or conveyance intended to operate as a mortgage, is valid as against creditors or subsequent purchasers or encumbrancers without notice, until the mortgage, or conveyance intended to operate as a mortgage, has been filed with the department of law enforcement under I.C. § 49–412. It is to be noted that the filing required by that section is limited to encumbrances "on any vehicle registered under the laws of this state." We find no provision in our law expressly providing that a foreign mortgage or contract creating an encumbrance upon a motor vehicle shall not be effective in this state until it is so filed. This same contention was urged in the case of Ragner v. General Motors Acceptance Corporation, 66 Ariz. 157, 185 P.2d 525, under a statute similar to ours. In holding that the statute did not affect the rule of comity, the Arizona court said:

"We are of the opinion that this statute contains no implied abrogation of the rule set forth in the Forgan case. The statute was not intended to have extraterritorial effect other than would be accorded it through the rule of comity. This statute sets forth the modus operandi for registering motor vehicles, securing certificates of title, and establishing liens in this state by and for the citizens of this state. The statute specifically says that a lien can be acquired only in the manner set forth in the statute, and that the instrument creating the lien 'shall be executed in the manner required by the laws of this state. * * *' It is inconceivable that the legislature contemplated that it had the authority or was attempting to set forth the manner in which other states might create the means for establishing liens. The legislature is presumed to have known of the holding of this court in the Forgan case. To

adopt the rule contended for by appellants would result in gross inequities. Though the language of the statute is broad enough to authorize the interpretation contended for by appellants, certainly it is not compelling nor do we believe that it is warranted.

"From this and other intendments, we do not believe it was the purpose or intent of the legislature in its Act of 1937, section 66–231, to include the filing of foreign chattel mortgages on motor vehicles and thereby abrogate the rule of comity as established in Forgan v. Bainbridge [34 Ariz. 408, 274 P. 155]." 185 P.2d at 528.

Our statute is likewise construed. We, therefore, hold that the rule of comity does not contravene "the statute or settled law or policy of the forum," and that the conclusion of the district court that defendant purchased the car subject to plaintiff's lien, was correct.

■ The defendant also assigns as error the finding of the court that the car was as the time of the reasonable market value of $1000. This finding is supported by the testimony of plaintiff's local representative and a Boise used-car dealer.

Judgment affirmed.

Costs to respondent.

SMITH, C. J., and KNUDSON, McQUADE and McFADDEN, JJ., concur.