SAMUEL S. BEACH vs. DAVID N. CLARK.

The defendant was sued for certain carriages put into his hands by the plaintiff as collateral security for a note indorsed by him, and which the defendant had sold. The defendant claimed that he was authorized by the plaintiff to sell them, which the latter denied. Held that, while the burden of proof was on the defendant to prove the authority to sell, it being a fact affirmed by him, yet that a charge to the jury that the burden was on the defendant to *clearly prove* his authority to sell, was erroneous, as requiring a higher degree of proof than the law requires in civil cases, which is only a preponderance of proof.

Persons familiar with the business of making carriages may properly be allowed to testify as experts as to their value, upon the testimony of others as to their character and condition.

[Argued June 13th—decided July 13th, 1883.]

CIVIL ACTION for the conversion of two carriages; brought to the Court of Common Pleas, and tried to the jury before

*Torrance, J.* Verdict for the plaintiff and appeal by the defendant. The case is fully stated in the opinion.

*W. B. Stoddard*, for the appellant.

*H. G. Newton* and *W. K. Townsend*, for the appellee.

CARPENTER, J. The defendant indorsed a note for the accommodation of the plaintiff. As security therefor he held two carriages conveyed to him by the plaintiff by an absolute bill of sale. Before the note fell due he sold the carriages, without notice to the plaintiff, and with the avails thereof took up the note. Just before the note matured the plaintiff deposited with the bank at which it was payable money sufficient to pay it, and directed that the same should be applied for that purpose; but the note was not presented for payment. This suit is brought to recover the value of the carriages.

The plaintiff alleged in his complaint that the defendant on receiving said property and bill of sale and as a part of the transaction agreed to retain said property in his possession until the maturity of said note, and if said note should be paid at maturity by the plaintiff to re-deliver the same to him." This the defendant denied, and on the trial claimed to have proved that when he indorsed the note and received the bill of sale of the carriages the plaintiff gave him the right to sell the carriages and with the proceeds to pay the note. The plaintiff claimed to have proved the allegations in the complaint.

The plaintiff requested the court to charge the jury that " if the defendant held the property in question as collateral security, the burden of proof is on him to clearly prove his authority to sell." The court so charged.

There is a slight ambiguity in the charge in respect to the burden of proof. The burden generally, as the pleadings stood, remained on the plaintiff. If the charge was intended to inform the jury that that burden had changed, and was so understood, we think it was erroneous, for we

discover no such change. But sometimes in the progress of a trial a special issue is presented in respect to some particular fact. As regards such issues it is often said that the burden is on him who affirms the existence of such fact, irrespective of the issue presented by the pleadings. So in this case, the defendant affirmed that he had special authority to sell. As we interpret it the court intended only to say that it was incumbent on the defendant to prove that fact if he would have the benefit of it. So far as the burden of proof is concerned therefore, we think the charge is unobjectionable. But there is one word in the charge, referring to the amount of proof required to establish the fact, that we think must have misled the jury. They were told that the fact must be *clearly* proved. It is quite probable that it was an oversight. Counsel for the plaintiff, in framing the request, naturally used language somewhat stronger than the court would be likely to use, and the court, approving the general proposition, but failing to notice the force of the word *clearly* in that connection, adopted the language of the counsel. The use of that word required the defendant to assume a heavier burden than the law imposed upon him. The law only required him to prove by a preponderance of proof the material fact on which he relied. The charge required him to do more than that; to prove it clearly, without uncertainty, free from doubt or question. It required him to prove it with substantially the same amount of proof that is required to substantiate a criminal charge; and that is not the law.

The court probably intended only to say that the burden was on the defendant and that he must prove the fact as matters are ordinarily proved in civil causes, but the jury probably understood that he must prove it by something more than a preponderance of proof; and therefore injustice may have been done.

For this reason there must be a new trial.

The court below permitted experts, who had not seen the carriages, to testify as to their value upon the testimony of other witnesses as to their condition. We think the evidence

was admissible.   Those familiar with the business of making carriages, knowing the style, make and material of a new carriage, could form a pretty correct estimate of its value without seeing it.

In this opinion the other judges concurred.