## ALEXANDER HANDLEY v. GEORGE D. HARRIS.

1. CHATTEL MORTGAGE *in Another State—Removal—Evidence.* In an action to recover personal property which has been mortgaged in another state, when rightfully in possession of the mortgagor and afterward brought into this state and sold, it is not error to receive in evidence the statutes concerning chattel mortgages of the state where the mortgage was executed, if properly pleaded.

2. ———— *Copy of Mortgage—Evidence.* Where the execution of a chattel mortgage is properly alleged in a petition and its execution is not denied under oath, it is not material error for the court to admit a copy of such mortgage in evidence, if not duly authenticated.

3. ———— *Record in Another State—Notice.* Where a mortgagor removes property from another state into this state, which has been incumbered by a mortgage duly recorded and valid under the laws of the former state, such removal does not invalidate the recording of such mortgage, nor necessitate the recording of it again in the county in this state to which the mortgagor has removed with the property. The constructive notice imparted by the recording of such mortgage, by the law of comity between the different states, is not confined to the county or state where the mortgage was executed and the property then was, but covers the property wherever it is removed.

*Error from Brown District Court.*

The opinion states the case.

*W. D. Webb*, and *Grant W. Harrington*, for plaintiff in error.

. *James Falloon*, for defendant in error.

Opinion by GREEN, C.: This was an action in replevin, to recover certain personal property claimed by the plaintiff below under a chattel mortgage duly executed and filed in the office of the county clerk of Richardson county, Nebraska, on the 28th day of July, 1886.. The property was removed to Horton, in Brown county, some time in November or December, 1887, and sold by the mortgagor to the plaintiff in error, who had no knowledge of the existence of the Nebraska mortgage. The jury returned a verdict for the plaintiff, and the defendant below brings the case here for review.

It is first urged that the district court erred in admitting in evidence the statutes of Nebraska in relation to chattel mortgages. We think this evidence was competent under the allegations of the petition. It was alleged that the plaintiff had a special ownership in the property replevied, under a chattel mortgage duly executed and filed in the office of the county clerk of Richardson county, Nebraska; that at the time the mortgage was executed the parties were residents of that county, and the property was situated there; that by the laws of the state of Nebraska the county clerk's office is the proper place to file chattel mortgages, in order to impart constructive notice to third parties; that a chattel mortgage to secure promissory notes is good and imparts notice for five years after filing the same in the county clerk's office, without making any affidavit to renew the same. The plaintiff below had a right to show that the chattel mortgage was valid in the state where it was executed. "The law of the place of contract, when this is also the place where the property is, governs as to the nature, validity, construction and effect of a mortgage, which will be enforced in another state as a matter of comity, although not executed or recorded according to the requirements of the law of the latter state." (Jones, Chat. Mortg., § 299.)   A chattel

mortgage executed in another state should be given such effect as it is entitled to in the state where it is executed. (*Blystone v. Burgett*, 10 Ind. 28.)

The claim is next made that the court should not have admitted in evidence the chattel mortgage. The execution of the mortgage was not challenged by a verified answer, so that its introduction was immaterial.

It is further claimed by the plaintiff in error that the mortgagee knew that the property described in the chattel mortgage had been removed to Kansas in November or December, 1887, and that he permitted the property to remain there until the month of April, 1888, without claiming the same, and was therefore guilty of such *laches* as would bar him of all right to recover the property from an innocent purchaser for value, as the plaintiff in error claimed to be. We do not think that the mortgagee was guilty of such *laches* as precluded a right of recovery. The mortgage was properly recorded in Nebraska, where the parties resided and the property was situated at the time it was executed. The plaintiff thus obtained a title to the property, absolute or qualified, by the laws of another state, and was entitled to maintain and enforce his right to the property in this state. Where personal property has been mortgaged and left in the possession of the mortgagor, and the mortgage is duly recorded, a subsequent removal of the mortgagor to another state does not make a new record of the mortgage necessary in the county and state to which the mortgagor has removed with the property. (*Offutt v. Flagg*, 10 N. H. 47; *Langworthy v. Little*, 12 Cush. 111.)

"If the holder of property has recently come from an adjoing state, there may be a mortgage upon the property in that state; and a purchaser or creditor must exercise his diligence by inquiring there whether the property is incumbered, just as when the owner has recently removed from another part of the same state the purchaser or creditor is bound to inquire at such former residence of the owner for incumbrances there recorded." (Jones, Mortg., § 260.)

The supreme court of Iowa has held that the constructive

notice imparted by the recording of a chattel mortgage is not confined to the county or state where the mortgage was executed and the property then was, but extends to wherever the property may be removed. (*Smith v. McLean,* 24 Iowa, 323.) The following authorities sustain this doctrine: *Kanaga v. Taylor,* 7 Ohio St. 134; *Holt v. Remick,* 11 N. H. 285; *Whitney v. Heywood,* 6 Cush. 82; *Barrows v. Turner,* 50 Me. 127; *Hicks v. Williams,* 17 Barb. 523; *Cool v. Roche,* 20 Neb. 550; *Iron Works v. Warren,* 76 Ind. 512; *Mumford v. Canty,* 50 Ill. 370; *Beall v. Williamson,* 14 Ala. 55; *Feurt v. Rowell,* 62 Mo. 525.

Complaint is made of the instruction given and the refusal of instruction requested. Substantially the same questions are raised by the instructions as those we have already discussed, and we need not consider them further.

It is recommended that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.