IN RE PETITION OF THE SHANNAHAN & WRIGHTSON HARDWARE COMPANY, of Talbot County, a corporation of the State of Maryland.

CHATTEL MORTGAGES—VALID IN STATE FOREIGN TO THAT WHERE EXECUTED AS AGAINST CREDITORS AND PURCHASERS, UNLESS VIOLATING LAW OF FORUM.

A chattel mortgage valid and recorded under the law where executed and the property is located is valid against creditors and purchasers in good faith in another state to which the property is removed by mortgagor, unless the transaction contravenes statute or law or policy of the forum.

(*October* 14, 1921.)

HEISEL and RICHARDS, J. J., sitting.

*J. Frank Biggs* for petitioner.

*Alexander Jamison* for respondent.

Superior Court for New Castle County, September Term, 1921.

Petition to draw money out of Court. Prayer of petition granted.

An automobile truck belonging to one Alexander W. Murphy, a resident of Dorchester county, Maryland, while temporarily in this state, in the usual course of the owner's business, was seized and subsequently sold under a foreign attachment judgment procured in this county. At the time of such seizure and sale, said truck was covered by a chattel mortgage for $1,828.99 with interest from September 1, 1921, in favor of the petitioner, duly recorded

in Dorchester county, Maryland, and constituting a valid lien on said truck in that State.

The net proceeds arising from the sale of said truck being claimed by both the Maryland chattel mortgage and the Delaware foreign attachment creditor, the sheriff paid the amount thereof, or $318.35 into this court.

The fund being insufficient to pay either claim, the petition filed necessitates the determination of the question whether the Delaware foreign attachment creditor, or the Maryland chattel mortgage creditor through comity, is entitled to the proceeds arising from the sale of said truck.

The attorney for the Delaware foreign attachment creditor cited *Donald v. Hewitt*, 33 *Ala.* 534, 73 *Am. Dec.* 431; *Corbett v. Littlefield*, 84 *Mich.* 30, 47 *N. W.* 581, 11 *L. R. A.* 95, 22 *Am. St. Rep.* 681; *Snyder v. Yates*, 112 *Tenn.* 309, 79 *S. W.* 796, 64 *L. R. A.* 353, 105 *Am. St. Rep.* 941; *Best v. Farmers' & Merchants' Bank* (*Tex. Civ. App.*), 141 *S. W.* 334; *Mast, Foos & Co. v. Stover Mfg. Co.*, 177 *U. S.* 485, 20 *Sup. Ct.* 708, 44 *L. Ed.* 856; *Section 2852, Rev. Code* 1915; *State v. Nichols*, 51 *Wash.* 619, 99 *Pac.* 876; *Corbin v. Houlehan*, 100 *Me.* 246, 61 *Atl.* 131, 70 *L. R. A.* 568.

RICHARDS, J., delivering the opinion of the court:

In 11 *Corpus Juris, p.* 424, we find the following:

"The great weight of authority is to the effect that a chattel mortgage, properly executed and recorded according to the law of the place where the mortgage is executed and the property is located, will, if valid there, be held valid even as against creditors and purchasers in good faith in another state to which the property is removed, by the mortgagor, unless there is some statute in that state to the contrary, or unless the transaction contravenes the settled law or policy of the forum."

This principle is supported in the following cases: *Shapard v. Hynes*, 104 *Fed.* 449, 45 *C. C. A.* 271, 52 *L. R. A.* 675; *Handley v. Harris*, 48 *Kan.* 606, 29 *Pac.* 1145, 17 *L. R. A.* 703, 30 *Am. St. Rep.* 322; *Creelman Lumber Co. v. Lesh*, 73 *Ark.* 16, 83 *S. W.* 320, 3 *Ann. Cas.* 108; *Kanaga v. Taylor*, 7 *Ohio St.* 134, 70 *Am. Dec.* 62; *Smith v. McLean*, 24 *Iowa* 322.

In *Langworthy v. Little*, 12 *Cush.* (*Mass.*) 109, *Chief Justice Shaw* said:

"A party who obtains a good title to property, absolute or qualified, by the laws of a sister state, is entitled to maintain and enforce those rights in this state."

In the states of Pennsylvania, Michigan, Texas and Louisiana, the above-stated principle has not been followed.

We think that the statement in Corpus Juris is substantiated by a great majority of the reported cases in this country and is the law in this country. To hold otherwise would take from a great many persons a method which they have of purchasing personal property upon credit, and in many cases might make it impossible for them to acquire necessary property.

The prayer of the Maryland chattel mortgage creditor to draw the fund in question out of court is, therefore, granted.