DEVER, RESPONDENT, *v.* GIRSON, APPELLANT.

(No. 5,836.)

(Submitted February 9, 1926. Decided February 18, 1926.)

[243 Pac. 812.]

*Claim and Delivery—Automobiles—Bailment—Estoppel—Evidence—Rebuttal.*

New Trial—Order Denying not Appealable.
  1. Under section 9745, Revised Codes of 1921, an appeal from an order denying a new trial is no longer appealable.
Claim and Delivery—Bailment—Automobile Left for Repairs With Privilege of Use—Estoppel.
  2. The owner of an automobile who entrusted it to a mechanic for the purpose of making repairs with the privilege of using it and who used it for about a month and thereupon sold it did not thereby hold out the latter as the owner so as to estop himself from maintaining an action in claim and delivery against the purchaser.
Same—Evidence—Rebuttal—When Properly Admitted.
  3. Where defendant in an action in claim and delivery in his evidence had endeavored to trace his title to the property in question to one other than the one from whom plaintiff had bought it, plaintiff was properly permitted to show in rebuttal that the first owner had sold it to the person from whom plaintiff made his purchase.

---

[1] Appeal and Error, 3 C. J., sec. 337, p. 507, n. 61.
[2] Estoppel, 21 C. J., sec. 181, p. 1178, n. 17.
[3] Replevin, 34 Cyc., p. 1507, n. 56 New.

*Appeal from District Court, Missoula County; Theodore Lentz, Judge.*

---

2. See 10 R. C. L. 777.

[75 Mont., 412.]

ACTION by H. H. Dever against Dave Girson. Judgment for plaintiff and defendant appealed from the judgment, and attempted to appeal from an order overruling motion for new trial. Latter appeal dismissed, and judgment affirmed.

*Mr. DeWitt Law,* for Appellant, submitted a brief and argued the cause orally.

Citing: 21 C. J. 1172; *Capital Lumber Co.* v. *Barth,* 33 Mont. 94, 100, 81 Pac. 994; *Scott* v. *Prescott,* 69 Mont. 540, 556, 223 Pac. 490; *Colwell* v. *Grandin Inv. Co.,* 64 Mont. 518, 526, 210 Pac. 765; *National Safe Deposit Co.* v. *Hibbs,* 229 U. S. 391, 57 L. Ed. 1241, 33 Sup. Ct. Rep. 818 [see, also, Rose's U. S. Notes]; *Kempner* v. *Thompson,* 45 Tex. Civ. App. 267, 100 S. W. 351, 352.

*Mr. Carl T. Brown,* for Respondent, submitted a brief and argued the cause orally.

Citing: 25 R. C. L., p. 760; *Shafer* v. *Lacy,* 121 Cal. 574, 54 Pac. 72; *Hildeburn* v. *Nathans,* 1 Phil. 567; *Calhoun* v. *Thompson,* 56 Ala. 166, 28 Am. Rep. 754; *Jillson* v. *Wilbur,* 41 N. H. 106; *Ryle* v. *Knowles Loom Works,* 59 U. S. App. 653, 87 Fed. 976, 31 C. C. A. 340; *Kiewel* v. *Tanner,* 105 Minn. 50, 25 L. R. A. (n. s.) 772, 117 N. W. 231; *Lemp Brewing Co.* v. *Mantz,* 120 Md. 176, 87 Atl. 814; *Diebolt* v. *The Chester Hair,* 4 Fed. 571; *Levi* v. *Booth,* 58 Md. 305, 42 Am. Rep. 332; *Bennett Bros. Co.* v. *(Tam) Fitchett,* 24 Mont. 457, 62 Pac. 780; *First National Bank* v. *Montgomery Cotton Co.,* 211 Ala. 551, 101 South. 186; *Anthony* v. *Midwest Live Stock Com.* (Mo.), 260 S. W. 94; *Lloyd* v. *Macullum-Donahoe Co.,* 127 Wash. 180, 219 Pac. 849; *Clay Robinson & Co.* v. *Martinez,* 74 Colo. 10, 218 Pac. 903; *Dorsey* v. *Kemble* (Tex. Civ. App.), 224 S. W. 217; *Roberts* v. *Lubin,* 25 N. M. 658, 187 Pac. 551.

MR. JUSTICE STARK delivered the opinion of the court.

This is an action in claim and delivery. According to the complaint, at all times subsequent to the twentieth day of

July, 1924, the plaintiff owned, and was entitled to the possession of, a seven-passenger Haynes touring car. About the —— day of August, 1924, defendant wrongfully, and without plaintiff's consent, obtained possession thereof, and, after demand, refused to surrender the same to the plaintiff. Defendant's answer was a general denial.

The case was tried to a jury, and resulted in a verdict and [1] judgment in favor of the plaintiff. Defendant made a motion for a new trial, which was overruled. He appealed from the judgment, and has attempted to appeal from the order overruling his motion for a new trial. This attempted appeal is dismissed. (Sec. 9745, Rev. Codes 1921.)

Plaintiff's testimony tended to establish that he purchased [2] the car in question from a man by the name of Gratton; that after he acquired the car he turned it over to one Fetchick, a soldier and mechanic at Ft. Missoula, to be repaired, with the privilege of using it. Fetchick kept the car in his possession, and used it about a month, when he and another soldier, by the name of Walerwicz, took it to the defendant, and traded it to him as part payment for a Studebaker car. Soon thereafter Fetchick deserted from the army. Upon learning this latter fact, plaintiff searched for the car, found it in defendant's possession, made demand for it, which was refused, and thereupon instituted this action to recover it.

The evidence on the part of the defendant tended to establish that W. H. Gardner purchased the car in question from a garage man named Wickes, and then sold it to one Hagan, who paid all the purchase price, except $7.50; that Hagan then made a deal with Fetchick for a sale of the car to him, and the latter, in company with Walerwicz, took it to the defendant's place of business, and traded it in as part payment of a Studebaker car; that, before the defendant traded with Fetchick and Walerwicz, he had his agent make investigations to ascertain whether Gardner had parted with all his title to the car; that, upon learning that Gardner still claimed there was $7.50 due to him on the car, Gardner, Hagan, Fetchick,

Walerwicz and the defendant met and made arrangements whereby Gardner was paid his $7.50, and released his claim.

At the close of all the evidence defendant moved the court to direct the jury to return a verdict in his favor, which motion was denied, and this ruling is made the basis of his first assignment of error.

In this connection the defendant does not seriously contend that Fetchick in fact became the owner of the car in his transaction with Hagan, but he argues that the plaintiff, by placing Fetchick in possession of the car for repairs, and allowing him to use it for a period of about one month, estopped himself from claiming title and right of possession of the car against the defendant, who parted with value in acquiring it from Fetchick and Walerwicz. It will be noted that there was no testimony that the plaintiff did, or omitted to do, any other act of a nature tending to mislead the defendant into a belief that either Fetchick or Walerwicz was clothed with apparent authority to sell the car.

Merely entrusting a third party with the possession of personal property does not constitute holding him out as owner so as to estop the real owner from claiming the same from one who purchases it from the possessor. (*Shafer* v. *Lacy,* 121 Cal. 574, 54 Pac. 72; *Lemp Brewing Co.* v. *Mantz,* 120 Md. 176, 87 Atl. 814; 21 C. J. 1178.)

Under the evidence, the plaintiff was not estopped to assert his ownership of the car, and the court did not err in submitting the case to the jury.

Appellant's other assignments of error are to the effect that [3] the trial court erred in permitting certain evidence to be admitted in rebuttal. The defendant undertook to trace his title to the car back to Gardner, who sold it to Hagan, through whom Fetchick acquired title that he and Walerwicz claimed to transfer to the defendant. In rebuttal the plaintiff introduced evidence tending to show that Gardner did not sell the

car to Hagan, but in fact sold it to Gratton, from whom the plaintiff acquired title. This evidence was properly admitted. No error appearing in the record, the judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, GALEN and MATTHEWS concur.