LEO B. O'LOUGHLIN *vs.* THE ERWIN M. JENNINGS COMPANY, INC.

Third Judicial District, New Haven, January Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

A failure to appeal from the denial of a motion to set aside a verdict within the time limited by statute can be attacked only by a plea in abatement.

Where an article is sold to a retail dealer for the apparent purpose of resale, a condition that the title shall remain in the vendor until the price is paid is ineffectual, on principles of estoppel, as against a bona fide purchaser from the retailer in the ordinary course of trade.

If the retailer has actual or implied, as distinguished from apparent, authority to sell, he then has the power, on principles of agency, to transfer to a purchaser in the usual course of business the absolute title of his conditional vendor, who is deemed to have

O'Loughlin *v.* Jennings Co., Inc.

waived his right to retain it as against such a purchaser, but not as against the conditional vendee or the latter's attaching creditors.

The rights of a purchaser from a conditional vendee, who has actual or ·implied authority to resell, are not affected by a recording of the conditional bill of sale.

In an action for the conversion of an automobile, competent evidence of damage is afforded by testimony concerning its cost when new, the price paid for it by the plaintiff after it had been used as a demonstrator, its mechanical condition at the time of the conversion, and by the opinion of an expert as to its value, which was clearly admissible, though he had never seen the particular car in question.

Argued January 17th—decided February 28th, 1928.

ACTION to recover damages for the conversion by the defendant of an automobile alleged to be owned by the plaintiff, brought to the Superior Court in New Haven County and tried to the jury before *Simpson, J.;* the trial court directed a verdict for the plaintiff, and from the judgment entered thereon the defendant appealed. *No error.*

*Philip Reich,* with whom, on the brief, was *Samuel Reich,* for the appellant (defendant).

*Clayton L. Klein,* with whom was *Raphael Korff* and, on the brief, *Frederick M. Peasley,* for the appellee (plaintiff).

BANKS, J.   This action was tried to the jury and at the close of the evidence plaintiff and defendant each filed a motion for a directed verdict.   The court denied the motion of the defendant and granted that of the plaintiff, directing the jury to bring in a verdict for the plaintiff but leaving it to them to assess the amount of the damages.   The defendant appealed from the direction of a verdict for the plaintiff and from the denial of its motion to set the verdict aside, and also from certain rulings on evidence.   Plaintiff's

counsel, in their brief, claim that the appeal from the denial of the defendant's motion to set aside the verdict should not be heard because it was not taken within the time limited by statute. This was a defect which could only have been taken advantage of by a plea in abatement. *Sackett* v. *Carroll*, 80 Conn. 374, 68 Atl. 442.

The defendant is a dealer in Hudson and Essex automobiles located in Bridgeport. It sold cars of those makes to Coulson H. Squires, Inc., of Naugatuck, which resold them as a dealer in that place. These cars were sold by the defendant to Squires, Inc., upon conditional bills of sale by the terms of which the title to the cars remained in the vendor until they were fully paid for. One of the cars thus sold by the defendant to Squires, Inc., was a Hudson coach, which Squires, Inc., used as a demonstrator and later sold to the plaintiff. Squires, Inc., did not pay the defendant for this car, and the defendant retook possession of the car from the plaintiff, claiming title, and the plaintiff brought this action to recover its value. These facts were undisputed. It was also conclusively established upon the trial that these cars were placed in the possession of Squires, Inc., for resale, and that the conditional sale agreement between the defendant and Squires, Inc., contemplated that the latter was to sell the cars in the usual course of business as a dealer. The only evidence upon this point was that given by the representative of the defendant who had charge of the sales made to Squires, Inc., and who testified that the cars were placed in its possession to be sold. The jury could not, had the matter been submitted to them, reasonably have reached any other conclusion than that, when this car was placed in the possession of Squires, Inc., under a conditional bill of sale, it was contemplated and expected by the defend-

ant that it was to be sold by the former in the regular course of its business as a dealer in Hudson cars, and that it had actual authority from the defendant to sell it in this manner. It was therefore within the province of the trial court, upon the motion for a directed verdict, to determine as a question of law whether upon these facts the defendant, by virtue of its conditional bill of sale, had title to this car as against the plaintiff who bought from the conditional vendee.

Where an article is sold to a retail dealer for the apparent purpose of resale, a condition that the title shall remain in the seller until the price is paid is ineffectual as against a bona fide purchaser from the retailer in the ordinary course of trade. 24 R. C. L. 458; 35 Cyc. 680; 1 Williston on Sales, §329. The conditional vendor is held to be estopped to deny the validity of a sale by one to whom he has given the apparent power to sell. *Spooner* v. *Cummings*, 151 Mass. 313, 23 N. E. 839. Where the conditional vendee has actual or implied authority to sell, as distinguished from apparent authority, he conveys a greater title than he himself has by virtue of a power conferred upon him by the real owner. He is not the absolute owner, but has a special property coupled with a power to convey to a purchaser in the usual course of business the absolute title of his conditional vendor. *Lewis* v. *McCabe,* 49 Conn. 141, 155; *Robinson's Appeal,* 63 Conn. 290, 296, 28 Atl. 40. A purchaser from him takes title as he would if buying directly from the conditional vendor, since he has specific authority from the latter to sell and convey a good title. The purchaser acquires title on the general principles of agency. 24 R.C.L. 458; L.R.A. 1917B 659; 47 A.L.R. 92. By the very terms of the agreement between the vendor and his conditional vendee,

the former waives his right to retain title as against purchasers from the vendee in the ordinary course of business, since such a sale by the latter is the precise object to be accomplished under the arrangement made. This waiver extends no further, however, than the authority actually conferred, and does not affect the rights of the conditional vendor as against the conditional vendee, the latter's attaching creditors, or any persons other than purchasers from the conditional vendee in the usual course of business. *Lewis* v. *McCabe, supra; New Haven Wire Co. Cases,* 57 Conn. 352, 18 Atl. 266.

It follows that constructive notice of the terms of the sale afforded by its recording does not affect the right of the purchaser from the conditional vendee to rely upon the actual authority conferred upon the latter to convey a good title to the property. This rule is embodied in the Uniform Conditional Sales Act, adopted in a number of States, §9 of which provides: "When goods are delivered under a conditional sale contract and the seller expressly or impliedly consents that the buyer may resell them prior to the performance of the condition, the reservation of property shall be void against purchasers from the buyer for value in the ordinary course of business, and as to them the buyer shall be deemed the owner of the goods, even though the contract or a copy thereof shall be filed according to the provisions of this Act." 2 Uniform Laws, Anno. p. 15. See also an extensive note upon the rights of a purchaser from a conditional vendee as affected by actual or apparent authority to sell, in 47 A.L.R. 85.

Since the defendant gave Squires, Inc., actual authority to sell this car in the usual course of its business as a dealer in Hudson cars, the plaintiff obtained a good title to the car upon his purchase of it from

Squires, Inc., irrespective of any question of estoppel based upon the apparent authority of Squires, Inc. The question as to the timely recording of the conditional bill of sale therefore becomes unimportant, as do the rulings with regard to the acknowledgment of the bill of sale, and the advertising of the defendant in the Naugatuck paper.

Defendant's claim that there was no competent evidence of damage is without merit. There was evidence as to the original cost of the car when new, the price which the plaintiff paid for it, and its mechanical condition at the time of the conversion. In addition to this, there was the evidence of the witness Mannien, who testified as an expert as to the value of the car, and whose evidence was clearly admissible, though he had not seen this particular car. *Beach* v. *Clark,* 51 Conn. 200, 202.

There is no error.

In this opinion the other judges concurred.