COMMERCIAL CREDIT CO., APPELLANT, *v.* BLAIR, Respondent.

(No. 6,379.)

(Submitted February 16, 1929. Decided March 12, 1929.)

[275 Pac. 748.]

*Messrs. Belden & DeKalb* and *Mr. Merle C. Groene,* for Appellant, submitted a brief; *Mr. O. W. Belden* argued the cause orally.

*Mr. Ralph J. Anderson,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an action in claim and delivery to recover a Chrysler automobile. The plaintiff is a Maryland corporation with headquarters at Portland, Oregon. The complaint alleges ownership and right of possession of the car in plaintiff and its wrongful detention by defendant. The answer is a general denial, but admits that defendant retains possession of the car. By stipulation the cause was tried to the court sitting without a jury. Judgment was entered in favor of defendant, from which this appeal is taken. Some facts were agreed

to at the trial and the evidence introduced was wholly documentary.

From the record it appears that on November 18, 1925, the Chrysler car in question was sold, when new, by the Howard Motor Company of Lewistown to Fred Zeier by a conditional sale contract reserving title in the seller until all payments were made. Zeier at that time resided in Wheatland county. The car was sold for $1,293, payable $465 cash and the balance in eighteen monthly installments. The conditional sale contract provided that, in case the purchaser defaulted in any of his payments, the full amount then unpaid should immediately become due with the right in the seller to take possession of the car wherever found. The seller was given the option of either selling the car at public or private sale and applying the proceeds upon the unpaid purchase price, or crediting upon the unpaid purchase price the market value of the car at the time of repossession.

All rights of the Howard Motor Company in the conditional sale contract were sold and assigned by it to the plaintiff with a guaranty by the Howard Motor Company of its full performance and the prompt payment of all sums therein provided for, including collection expenses, costs, and attorney's fees, and that, in the event of noncompliance with any of its conditions, suit might be brought by the holder against the Howard Motor Company. The contract of sale was filed for record in Wheatland county on November 23, 1925. The balance due on the car at the time this action was commenced was $368.

In November, 1926, Zeier was in default with his monthly payment, and the Howard Motor Company, acting under instructions from plaintiff, repossessed the car. The defendant, Blair, purchased the car from the Howard Motor Company in Lewistown, Fergus county, on November 12, 1926, and paid $575 in cash for it. The motor company has an established place of business at Lewistown and is the regular dealer for Chrysler automobiles, handling both new and second-hand cars. The parties agreed that Blair, when he purchased the

car, had no knowledge or notice of the conditional contract of sale.

The record discloses that Zeier was in default on his payments many times prior to the November, 1926, installment and that the plaintiff requested Zeier to place the car in storage with some reliable dealer and to mail the claim check to plaintiff, and, this not having been done, the plaintiff by letter requested the Howard Motor Company to assist it in the matter and by wire requested the motor company to collect the account or to repossess the car. On the prior occasions the motor company promised plaintiff that it would ''get in touch with him [Zeier] * * * and try to get the account straightened out without repossession.''

Defendant introduced a number of letters written by plaintiff to the Howard Motor Company. One such letter, written March 25, 1926, referring to the Korelund account, contained the following statements: ''We trust that you will be able to sell the Stutz touring car which you have in your possession before the first of April in order that we can get this item off our repossessed list. Please bend every effort to do so.'' Another letter, written on April 5, 1926, relating to the same account, contained these statements: ''We appreciate your co-operation greatly in disposing of this car for us and also your past co-operation on delinquent accounts. The co-operation that you are giving us now is certainly splendid and it makes it a pleasure to do business with you.'' One written on October 4, 1926, relating to the Harry R. Long account, contained the following statement: ''Referring to our recent letter, may we again request that you forward your remittance in the amount of $765.00 to retire the above repossession. We are quite anxious to reduce our inventory, and immediately upon receipt of your remittance we will forward the proper papers so that you may obtain clear title to the car, and make disposition of it.'' Telegrams were introduced in evidence, sent by plaintiff to the Howard Motor Company, which show that plaintiff instructed the Howard Motor Company to repossess other cars or to collect, and that no doubt it would be

necessary for the Howard Motor Company to repossess the Zeier car. A telegram from the Howard Motor Company to plaintiff relating to the Harry R. Long account, stated: "Car in our possession. Have party that will buy same as soon as reconditioned. Will take about fifteen days to clean up the transaction."

It is contended by plaintiff that the evidence summarized above does not support the findings and judgment.

The question before us is whether the foregoing facts, taken collectively, justify the conclusion that the Howard Motor Company was the agent of plaintiff with authority to sell the car in question. That it was the agent of plaintiff for certain purposes can admit of no doubt.

The question is: Did it have the right to sell the car and divest plaintiff of its interest therein as against an innocent purchaser for value?

The mere surrender of possession of property to another ▉▉▉▉ does not invest such person with authority to sell the property and the owner is not estopped from asserting his ownership as against one who purchases it from the possessor. (*Dever* v. *Girson*, 75 Mont. 412, 243 Pac. 812.) But here the evidence goes much further. The plaintiff's office was maintained at Portland, Oregon. It appears from the correspondence in evidence and the conditional sale contract that its business is not that of dealing in automobiles, but rather that of advancing funds on automobile conditional sale contracts. Cars repossessed by it under such contracts must of necessity be sold through agents. Its agent, the Howard Motor Company, is regularly engaged in the business of selling Chrysler automobiles, both new and second hand, at its fixed place of business in Lewistown. The Howard Motor Company sold this car when new; then at the request of plaintiff repossessed it, and later sold it to the defendant.

The conditional sale contract gave the seller the right to repossess and resell the car upon default of any payment. Concededly, the Howard Motor Company had the authority from plaintiff to repossess the car, and the record discloses

that it likewise had authority to, and did, sell at least two other repossessed cars, without any fault being found by plaintiff on account of any lack of authority to sell, but, on the contrary, plaintiff commended the Howard Motor Company for so doing. We think the evidence sufficient to justify the conclusion that the Howard Motor Company had the authority to sell the car in question as agent for the plaintiff in carrying out the power under the conditional sale contract to repossess and resell, and in carrying out the power of assisting plaintiff with the account against Zeier.

An agent has authority "to do everything necessary and proper and usual, in the ordinary course of business, for effecting the purpose of his agency." (Sec. 7949, Rev. Codes 1921.) In the following cases evidence of authority of the agent to sell, no stronger than that in this case, was held sufficient to protect an innocent purchaser: *Carter* v. *Rowley*, 59 Cal. App. 486, 211 Pac. 267; *Hedger* v. *Hogle* (Cal. App.), 264 Pac. 807; *Harrison* v. *Auto Securities Co.* (Utah), 257 Pac. 677, 57 A. L. R. 388; *Buckley* v. *Matheson*, 120 Wash. 212, 206 Pac. 935; *O'Loughlin* v. *Erwin M. Jennings Co.*, 107 Conn. 365, 140 Atl. 758; *Heath* v. *Stoddard*, 91 Me. 499, 40 Atl. 547; *Smith* v. *Clews*, 105 N. Y. 283, 59 Am. Rep. 502, 11 N. E. 632.

The fact that the evidence fails to disclose that defendant ▇▇▇▇ at the time he dealt with the agent knew of the acts of the principal creating the agency or of the circumstances showing the extent of the agent's authority is immaterial. (2 C. J. 444; *Dobbs* v. *Zink*, 290 Pa. 243, 138 Atl. 758; *Abue Trading & Sales Corporation* v. *Jennings*, 151 Md. 392, 135 Atl. 166; *Sigel-Campion Livestock Com. Co.* v. *Ardohain*, 71 Colo. 410, 207 Pac. 82.)

Plaintiff relies largely upon the case of *Commercial Credit Co.* v. *National Credit Co.*, 143 Wash. 253, 255 Pac. 104, as announcing a conclusion favorable to it. That case, however, is plainly distinguishable. There the car was not sold to an innocent purchaser for value, but was resold to the original purchaser by another conditional sale contract after reposses-

sion. He knew at the time of the second purchase that the automobile dealer simply held the car in storage and that his authority to regain his rights under the conditional sale contract depended upon the payment to the dealer of the unpaid installments. There the purchaser had actual knowledge of the limitation of the agent's authority. No such evidence appears in this case.

Plaintiff contends that the court erred in admitting evidence ▮ consisting of letters and telegrams passing between plaintiff and the Howard Motor Company relating to the accounts of other purchasers of other cars under conditional sale contracts assigned to plaintiff. This evidence was admissible to show the general course of business dealings between plaintiff and the Howard Motor Company and as bearing upon the scope and nature of the agency. (*Hamlin* v. *Nace*, 99 Kan. 286, 161 Pac. 655.) Such evidence has been held admissible by this court in the case of *Parsons* v. *Rice*, 81 Mont. 509, 264 Pac. 396.

The judgment is amply supported by the evidence, and no error appearing, is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, GALEN and FORD concur.