GENERAL CREDIT CORPORATION *vs.* LOUIS ROHDE.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued June 11th—decided October 9th, 1936.

*Lazarus S. Heyman,* for the appellant (defendant).

*William Cohn,* for the appellee (plaintiff).

BANKS, J.   On September 20th, 1934, McNulty Brothers Garage, an authorized dealer in Ford automobiles in Pawling, New York, executed a chattel mortgage to the plaintiff of four Ford cars, which was duly recorded in accordance with the laws of New York.   The chattel mortgage provided that the mortgagor should not remove the vehicles from the place designated for their storage, or sell or otherwise dispose of them except as authorized thereunder, but further provided that the mortgagor should "have the privilege of selling said motor vehicles for the account of the mortgagee, to a bona fide purchaser approved by the mortgagee, at retail for cash or current funds in amount not less than the proportionate sum then due on said promissory note," and that in the event of such sale the mortgagor was to hold the proceeds in trust and promptly pay the mortgagee the amount owed under the mortgage.   On September 24th, 1934, McNulty

Brothers Garage sold to the defendant, and delivered to him in Danbury, a Ford truck chassis, one of the vehicles covered by the mortgage given to the plaintiff. It did not obtain the approval of the sale by the plaintiff and did not pay the plaintiff the amount owed upon the truck. Thereafter the plaintiff replevied the truck from the defendant. The trial court held that the plaintiff was entitled to the possession of the truck under and by virtue of the terms of its chattel mortgage.

The trial court found that the sale of the truck from McNulty Brothers Garage to the defendant took place in the State of New York. The defendant seeks to have the finding corrected to state that the sale was consummated in Danbury, as a basis for his claim that the rights of the parties should be determined by the law of this State. The determinative question upon this appeal is whether or not the sale of the truck to the defendant by McNulty Brothers Garage conveyed to him a title superior to that of the plaintiff under its chattel mortgage. Under the facts in this case the answer to that question depends upon the validity and effect of that mortgage as affecting the rights of a purchaser from the mortgagor. That is to be determined by the law of the State where the chattel is at the time when the mortgage is executed. Amer. Law Institute Restatement, Conflict of Laws, § 265. The further rule of the Restatement is applicable in this case: "If, after a chattel is validly mortgaged, it is taken into another state without the consent of the mortgagee, the interest of the mortgagee is not divested as a result of any dealings with the chattel in the second state." Restatement, Op. Cit., § 268. We have held that the rule of law in this State which requires a change of possession to accompany a mortgage of personal property in order to perfect the title as

against creditors of, or subsequent purchasers from, the mortgagor, does not apply to property which was located in another State where the chattel mortgage was executed and was later brought into this State without the knowledge or consent of the mortgagee. *Ballard* v. *Winter,* 39 Conn. 179. It is immaterial whether the sale of the truck to the defendant was made in New York or in this State. In either event his rights are to be determined by the effect to be given to the plaintiff's chattel mortgage in accordance with the law of New York.

It is not disputed that plaintiff's chattel mortgage was executed and recorded in compliance with the provisions of the New York statute which would ordinarily be effective to protect the mortgagee's rights as against a creditor of or purchaser from the mortgagor. McNulty Brothers Garage was a dealer in Ford automobiles, and the vehicles which were the subject-matter of the plaintiff's mortgage were upon the selling floor of its garage at Pawling for sale in the usual course of business. This chattel mortgage not only contemplated that the vehicles were to be sold, but gave the mortgagor actual authority to sell them upon certain conditions. The defendant claims, first, that when an article is allowed to remain in the possession of a retail dealer for the apparent purpose of resale, a condition that the title shall remain in the mortgagee until the mortgage is paid is ineffectual on principles of estoppel as against a bona fide purchaser in the ordinary course of trade. In *Utica Trust & Deposit Co.* v. *Decker,* 244 N. Y. 340, 155 N. E. 665, O'Donoghue & Wetzel, who were in the business of selling motor cars, executed a chattel mortgage of four automobiles to the plaintiff. The automobiles were in the possession of the mortgagors at their place of business, and they were authorized to use them for exhibition pur-

poses, presumably to the end that they might be sold, but it was provided that they were not to be sold until they had been released from the mortgage. The mortgagors, without obtaining a release of the mortgage, sold one of the cars to the defendant who had no actual knowledge of the existence of the mortgage. The court held that the plaintiff was not estopped by its conduct from asserting title to the automobile under its mortgage. This seems to establish the rule in New York that, though an article is allowed by a mortgagee to remain in the possession of a mortgagor for the apparent purpose of a resale, the mortgagee is not estopped to assert his title under the mortgage as against a bona fide purchaser from the mortgagor, if the latter is without authority to sell.

But the defendant claims further that here the mortgage gave the mortgagor actual authority to sell, and thus by the very terms of the instrument the plaintiff waived its right to retain title as against purchasers from the mortgagor in the ordinary course of business. It is the generally accepted rule that when a chattel mortgage contains a provision giving the mortgagor unconditional authority to sell the property and pay over the proceeds to the mortgagee, the purchaser from the mortgagor takes title free of the lien of the mortgage, and the mortgagee's only security is the promise of the mortgagor to account for the proceeds of the sale. 5 Cyc. 445; 11 C. J. p. 624, § 339; see numerous cases collected in annotations in 97 A. L. R. 650 ff. The purchaser is entitled to rely upon this authority to convey a good title as in the analogous cases of conditional sales, in which the conditional vendee is given actual or implied authority to sell. *O'Loughlin* v. *Jennings Co., Inc.,* 107 Conn. 365, 140 Atl. 758. The mortgagee in such cases is held to waive his lien by permitting the mortgagor to receive the purchase price,

and the purchaser is held to be under no obligation to see that the mortgagor accounts to the mortgagee for the proceeds of the sale.

In the mortgage here involved the mortgagor is given the power to sell and to receive the proceeds of the sale, which he agrees to hold in trust, and agrees to pay over to the mortgagee the amount owed under the mortgage. As already indicated, the defendant was under no obligation to see that the mortgagor paid over the proceeds of the sale to the plaintiff, and its failure to do so would not affect the defendant's title. This provision of the mortgage is not a condition precedent to the right of the mortgagor to sell, limiting his power to sell and convey a good title free of the lien of the mortgage, but a provision imposing upon the mortgagor, in the event of a sale, a duty to be performed subsequent to the sale.

But the mortgagor's authority to sell was not unconditional. It was limited to "sales to a bona fide purchaser approved by the mortgagee, at retail for cash or current funds in amount not less than the proportionate sum then due on said promissory note." The defendant was not a bona fide purchaser "approved by the mortgagee," and this condition, at least, attached to the mortgagor's authority to sell, was unperformed. The question is whether, notwithstanding the nonperformance of the condition, the plaintiff waived the lien of its mortgage. The recording of the mortgage in compliance with the requirements of the New York statute constituted constructive notice to the defendant of the existence of the mortgage and its terms. He was charged with knowledge that the mortgagor was without authority to sell except to a bona fide purchaser approved by the mortgagee. The consent of the plaintiff to a sale of these cars by the mortgagor which would convey to the vendee a title free of the

lien of the mortgage was limited to a sale to a bona fide purchaser approved by it. Its approval of the purchaser was a condition precedent to a valid sale by the mortgagor. The question involved is not one of apparent authority, but of the actual authority granted in the mortgage of which, and the limitation on which, the defendant is deemed to have had knowledge. The mortgagors had no authority to sell the car until they had first procured from the plaintiff its approval of the customer. The title of a customer thus approved would be good because the mortgagee had waived its lien by giving the mortgagor authority to make the sale. A sale to a customer who had not been approved by the mortgagee would be an unauthorized sale and no waiver of the mortgagee's lien would arise in favor of the purchaser. The defendant's position is the same as that of the defendant in the case of *Utica Trust & Deposit Co.* v. *Decker,* supra, where the mortgagor was not authorized to sell until the chattel mortgage had been released. As in that case a condition precedent to a valid sale by the mortgagor was unperformed and upon the authority of that case we must hold that under the law of New York the defendant was not entitled to rely upon a title acquired through a sale which was not consented to or authorized by the mortgagee.

There is no error.

In this opinion the other judges concurred.