MORRIS PLAN BANK OF KNOXVILLE, a Corporation of the State of Tennessee, v. GILBERT B. TERRELL and NERVA W. TERRELL.

(*November* 22, 1948.)

LAYTON, J., sitting.

*Leslie Gluckman* for Plaintiff.

*Robert C. Barab* for Defendants.

Superior Court for New Castle County, No. 113, September Term, 1947.

LAYTON, J.

When a prior mortgagee holds a validly executed and properly recorded mortgage on personal property in one State, his claim will prevail over that of a subsequent mortgagee, attaching creditor or bona fide purchaser of the same property in another State, even though they have no knowledge of the existence of the prior lien in the foreign State. 14 Corpus Juris Secundum, Chattel Mortgages, § 15, page 607; Restatement of the Conflict of Laws, § 387; *In re Shannahan & Wrightson Hardware Co. of Talbot County*, 2 *W.W.Harr.* 37, 118 *A.* 599; *Ashland Finance Co. v. Dudley*, 98 *W.Va.* 255, 127 *S.E.* 33; *General Credit Corporation v. Rohde*, 122 *Conn.* 100, 187 *A.* 676. This is the settled rule of law throughout this country except in those States where there is a statute or decisional law to the contrary.

But the majority of the cases reach an opposite result

where the prior mortgagee consents to the removal of the property from his State or, if not consenting, thereafter learns of the removal into another State and fails promptly to follow and assert his claims against the property or to record his lien in the State to which the property has been removed. 14 Corpus Juris Secondum, Chattel Mortgages, § 15, page 609. The reasons for the latter rule are based upon fundamental principles of justice and are clearly stated in *Moore v. Keystone Driller Co.*, 30 *Idaho* 220, 163 *P.* 1114, *L.A.R.*1917*D*, 940:

"By such consent the mortgagee negligently places it in the power of the mortgagor to deceive and defraud innocent people in the state into which the property is taken. He should be and is deemed to have waived his lien against such innocent parties upon the principle that where one of two persons must suffer by reason of the wrongful act of a third, the injury must be borne by him by whose conduct the wrongful act has been made possible."

See also *Hess-Harrington, Inc., v. State Exchange Bank,* 155 *Kan.* 118, 122 *P.*2d 739 and *Jones v. North Pac. Fish and Oil Co.,* 42 *Wash.* 332, 84 *P.* 1122, 6 *L.R.A.* (*N.S.*) 940, 114 *Am. St. Rep.* 131. And it is to be noticed that Tennessee, the domicile of the plaintiff in this case, adheres firmly to this rule. In *Bankers' Finance Corporation v. Locke & Massey Motor Co.,* 170 *Tenn.* 28, 91 *S.W.*2d 297, 299, the Supreme Court of Tennessee stated:

"* * * The rule in this state, therefore, now is that the priority of a chattel mortgage validly executed and legally registered in another state, according to the laws of that state wherein the property was and the mortgagor resided, will be recognized and enforced in this state against the claims of attaching creditors, or innocent purchasers here, unless the mortgagee has consented to the removal of the property into this state, or having knowledge of its re-

moval here, has failed to assert rights under the mortgage within a reasonable time."

In most of the decisions on this latter point the prior mortgagee gave his consent to the removal of the property. But I can see no practical difference between a case where the mortgagee consents to the removal, and a case where, though not consenting, he thereafter learns of the removal of the property and within a reasonable time fails to assert his claim against it or record his lien in the State where the property was taken. In the one instance, by affirmative act, and the other, by sheer inertia, he has created a situation whereby innocent persons, having no knowledge of the existing lien in the foreign State, may thereafter be injured in their dealings with the property. The principles of common sense and fair dealing upon which the cited cases have based this rule compel its adoption in this State.

Of the few authorities cited by plaintiff to the contrary at least two, when carefully examined, do not support his contention. They are *Metro-Plan, Inc., v. Kotcher-Turner, Inc.*, 296 *Mich.* 400, 296 *N.W.* 304 and *Ball Bros. Trucking Co. v. Sorenson, Tex. Civ. App.*, 191 *S.W.* 2d 908. Moreover, *Handley v. Harris*, 48 *Kan.* 606, 29 *P.* 1145, 17 *L.R.A.* 703, 30 *Am.St.Rep.* 322, has been overruled by the Hess-Harrington case, *supra*. And the fact that Judge Richards, in the Shannahan and Wrightstone case cited *Shapard v. Hynes*, (8 *Cir.*) 104 *F.* 449, 52 *L.R.A.* 675, with approval is not of significance. The facts in the Shannahan and Wrightstone case indicated that the prior mortgagee in Maryland neither knew about or consented to the removal of the car to Delaware. The Hynes case is authority for the conclusion arrived at by Judge Richards. However, it is one of the few cases which extends the result to cases where the first mortgagee either knew of or consented to the removal. Judge Richards, under the facts before him, was not necessarily ap-

proving that portion of the Hynes case which supports plaintiff's contention. For the reasons stated I must decline to accept that part of the decision as exemplifying the majority view.

■ It is agreed that the Tennessee lien against the automobile in controversy was never transferred to, and recorded in, Delaware. But whether plaintiff consented to the removal of the car, or, not consenting, subsequently learned of its transfer from Tennessee to Delaware and thereafter took no steps seasonably to assert its claims thereagainst, are questions in dispute. I have read the conflicting affidavits and depositions offered by the respective parties and, in view of the sharp conflict in the testimony, have concluded that the issues of fact should be submitted to a jury.

Plaintiff's motion for summary judgment is denied. Although not considered in this opinion, it follows from the conclusions here reached that defendant's motion for a summary judgment must also be denied.