Isidob "Wasseevogel, Spec. Ref.
Plaintiff seeks a judgment determining that, pursuant to the terms of a chattel mortgage, it is entitled to possession of a certain 1958 Edsel automobile purchased by defendant from an automobile dealer known as Elmhurst Motor Sales, Inc.
On or about August 18, 1959, Elmhurst Motor Sales, Inc. (hereinafter referred to as “Elmhurst”) executed and delivered to plaintiff a chattel mortgage as collateral security for a loan. This mortgage covered five used automobiles, including the 1958 Edsel here involved, and was duly filed on August 18, 1959, in the office of the Register of the City of New York, Queens County, the county wherein Elmhurst had its principal place of business and where the 1958 Edsel automobile was then located.
On August 20, 1959, defendant purchased said automobile from Elmhurst. Subsequently, after default in the repayment of the loan made to Elmhurst, plaintiff commenced an action to obtain possession of the chattels covered by the mortgage, and in due process thereof, replevied the 1958 Edsel from defendant. In this action, defendant interposed an answer wherein, as an affirmative defense, he alleges that he was a purchaser in good faith within the intendment of subdivision 6 of section 230-c of the Lien Law. Defendant’s answer also sets forth a counterclaim for damages based upon the alleged conversion of the automobile by plaintiff.
Contrary to defendant’s contention, the chattel mortgage executed by Elmhurst and duly filed and recorded by plaintiff does not fall within the purview of section 230-c of the Lien Law. This section provides that a person who, as mortgagee, contemplates receiving a chattel mortgage (to be executed by a dealer) may, in lieu of filing said chattel mortgage, cause a mortgage statement to be filed with the Department of State. This method of filing may be selected at the option of the lender, but in no event do the provisions of section 230-c preclude a mortgagee from using the usual methods of filing a chattel mortgage as provided for in sections 230 and 232 of the Lien Law.
However, in the event a mortgagee elects to file a mortgage statement in place of the actual chattel mortgage, subdivision 6 *52 of section 230-c specifically provides that a buyer “ in the ordinary course of trade, purchasing from a dealer any goods covered by any such mortgage, shall acquire such goods free and clear of the lien or encumbrance of said mortgage. ’ ’ Coneededly, had plaintiff , in the instant action filed a mortgage statement in accordance with section 230-c, defendant would now prevail. Here, however, the actual chattel mortgage, not a mortgage statement, was properly filed and recorded by plaintiff as required by sections 230 and 232 of the Lien Law. It necessarily follows, therefore, that defendant’s rights as a buyer are not protected by the provisions of subdivision 6 of section 230 but are governed by sections 230 and 232 of the Lien Law.
Defendant argues that it comes within the intendment of the provisions of subdivision 6 of section 230-c of the Lien Law irrespective of whether a mortgage statement was filed. In my opinion, such argument is without merit. If defendant’s contention were accepted by the court, the provisions of sections 230 and 232 of the Lien Law would be meaningless, the filing of a chattel mortgage by a mortgagee valueless, and the protection afforded by such filing utterly destroyed. There is nothing in the language of subdivision 6 of section 230-c which warrants the conclusion that a mortgagee, merely because he is financing a “ dealer-mortgagor,” may not have recourse to the device of filing a chattel mortgage and to the full benefit and protection of such filing as provided for by sections 230 and 232 of the Lien Law.
The provisions of subdivision 6 of section 230-c regarding mortgage statements do not supersede or in any way contradict those sections of the Lien Law relating to the filing of a chattel mortgage. As above stated, section 230-c must be deemed merely an alternate method for protecting a mortgagee. Comparison of sections 230 and 232 with section 230-c indicates that the latter section offers protection against a claim by a merchant who is not deemed to be the ordinary “ buyer in good faith ” within the intendment of section 230-c. If a mortgagee wishes to protect his interest against a “ good faith” purchaser such as defendant, he must have recourse, as in this action, to the more rigorous requirements of section 230 and cause the chattel mortgage itself to be properly filed. In other words, section 230-c is simply a means of facilitating financial transactions between dealers and those from whom they seek financial aid. Nothing in this section, however, precludes the use of section 230 by a mortgagee for protection against nonbusiness parties, that is, the so-called “ good faith purchaser ’’- — the ordinary buying public.
*53 Defendant also argues that plaintiff is estopped from asserting title superior to that of defendant as a “ purchaser in good faith.” In support of such argument, defendant cites Jefferson Credit Corp. v. National Bronx Bank (98 N. Y. S. 2d 333) and Rand’s Discount Co. v. Universal C. I. T. Credit Corp. (10 A D 2d 240). Both cases are readily distinguishable from and inapplicable to the instant action. In the Jefferson Credit Corp. case, unlike here, it clearly appears that the mortgagee filed a mortgage statement and relied solely on the protection afforded by section 230-c. Similarly, in the Band case, three mortgage statements were filed and the court specifically found that “no public record of adverse title, lien, or encumbrance existed ” (p. 242). In the case at bar, however, the filing of the chattel mortgage, in strict conformity with sections 230 and 232 of the Lien Law, as a matter of law, must be deemed to constitute a public record and notice to defendant that at the time he purchased the automobile from Elmhurst “ adverse title, lien or encumbrance ’ ’ existed in favor of plaintiff. It is significant here, too, that the recorded chattel mortgage contained a direct prohibition against the sale of the automobiles set forth therein. In such circumstances, where the dealer (Elmhurst) sold a 1958 Edsel automobile to defendant in violation of the provisions of the chattel mortgage, plaintiff may not now be charged with creating conditions which warrant this court in preventing it from asserting its title against defendant’s claim (Utica Trust & Deposit Co. v. Decker, 244 N. Y. 340; see, also, General Credit Corp. v. Rohde, 122 Conn. 100).
The court is not unaware of the burden our Lien Law places upon the unsuspecting buying public who purchase chattels in good faith from dealers, who, unknown to such purchasers, have incumbered the title thereto. Concededly, the ordinary layman is unfamiliar with chattel mortgages, liens and incumbrances and the methods of determining their existence. Nevertheless, this court is bound by existing statute until such time as the Legislature deems it necessary and advisable to change same.
Judgment, accordingly, is rendered in favor of plaintiff determining that, pursuant to the terms of the chattel mortgage duly filed and recorded in the office of the Register of the City of New York, Queens County, plaintiff is entitled to possession, of one 1958 Edsel automobile, Serial and Motor No. W8E9705172. Defendant’s counterclaims are dismissed on the merits. All motions made during trial, upon which decision was reserved, are disposed of in accordance with this opinion.