[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED APRIL 9, 1997
The plaintiff, Louis Dunn, by writ, summons and complaint, dated December 6, 1994, brought this action against the defendants, Salvator Cartelli. (Cartelli) Larry Herber (Herber) and Allstate Insurance Company (Allstate) seeking damages which constituted the value of a motor vehicle sold to Herber by Cartelli and indemnified by Allstate. The defendant Herber answered and filed his cross-complaint on May 23, 1995, alleging damages incurred by the wrongdoing of Dunn's agent, the defendant, Cartelli. The defendant Allstate answered and by cross-claim, dated February 11, 1997, seeks recovery from the defendant, Herber, under its indemnification bond issued to Herber.
After a full trial, Dunn, Herber and Allstate present and represented by counsel, Cartelli failing to appear for trial, the court based on a preponderance of the credible, relevant and legally admissible evidence finds, determines and rules as follows:
On or about April of 1992, Dunn purchased a 1986 Chevrolet motor vehicle from Jackson Chevrolet Company of Middletown. On or CT Page 3676 about June 6, 1992, Dunn, an automobile dealer, placed said vehicle with Cartelli, another automobile dealer, doing business as Cartelli Auto Sales, for the purposes of exhibiting said vehicle for sale and to sell same. Dunn placed the vehicle with Cartelli "on the cuff" basis which in the vernacular of the trade meant that Cartelli was, upon sale of the vehicle, to remit to Dunn the sum of $4,000.00. Cartelli to retain, as his compensation for any sale, all sums above the minimum due Dunn, i.e. $4,000.00.
In due course, Cartelli sold the vehicle to Herber for $5,400.00. Cartelli did not have title to the vehicle and although he promised to register the vehicle for Herber, he never did. Dunn had retained the title and had agreed to turn it over to Cartelli upon receipt of $4,000.00.
Receiving no satisfaction from Cartelli who neither registered the vehicle nor produced a title after pocketing Herber's $5,400.00, Herber, after posting a surety-bond for a premium of $100.00, was able to register the motor vehicle. Dunn knew that the vehicle had been sold; he saw it on the road, but Dunn never surrendered the title to Herber.
The principal issue in this case is whether an agency relationship existed between Dunn and Cartelli and, if so, whether the principal Dunn was obligated to surrender the title to Herber regardless of whether Dunn received any funds from Cartelli. The court answers both questions in the affirmative.
The court expressly finds that Cartelli was the agent of Dunn and that Herber was a bona fide purchaser for value. Where an article is placed in the hands of a dealer for the apparent purpose of sale, a condition that the title shall remain in the vendor of the dealer until the price is paid is ineffectual against a bona fide purchaser from the dealer in the ordinary course of trade. See, O'Loughlin v. Jennings Co., Inc.,107 Conn. 365; also 24 R.C.L. 45; 35 Cyc. 680; 1 Williston on Sales Sec. 329; General Statutes Secs. 42a-1-201 (9), 42a-9-307 (1).
A conditional vendor (here the "off the cuff" vendor) is estopped to deny the validity of a sale by one to whom he has given the power to sell. If the agent acts within the apparent scope of his authority, the principal (Dunn) is bound, even though the former (Cartelli) acts contrary to the latter's instructions. Keeler v. General Products, Inc., 137 Conn. 247. CT Page 3677
Herber, as a bona fide purchaser for value who bought without knowledge of any security interest and for his personal use and where the party claiming a security interest has not filed a financing statement, took the vehicle free and clear of any claims by Dunn. General Statutes Sec. 42a-9-307 (2).
Cartelli's actions as Dunn's agent bound Dunn just as surely as though Herber was dealing directly with Dunn. Dunn had an obligation to deliver title to Herber.
By the terms of Herber's bond with Allstate, Herber is liable for any attorney's fees and any other costs incurred by Allstate in defending any claim brought on the bond.
Dunn, because of having endowed Cartelli with apparent authority should in equity and law be liable for any damages caused by his agent, Cartelli, when Cartelli was acting within the scope of his agency. Dunn's undisclosed agreement with Cartelli does not relieve Dunn of liability for Cartelli's actions where Cartelli exercises his apparent authority.
Under the facts and circumstances in this case and under applicable law judgments are entered as follows:
Judgment is entered for the plaintiff, Louis Dunn, against the defendant Salvator Cartelli, to recover on the plaintiff's complaint the sum of $7,600.00 plus costs of suit.
Judgment is entered for the defendants, Larry Herber and Allstate Insurance Company on the plaintiff's, Louis Dunn, complaint, with costs of suit.
Judgment is entered for Larry Herber to recover on his cross-complaint from Louis Dunn the sum of $3,600.00, plus costs of suit.
Judgment is entered for Allstate Insurance Company to recover on its cross-claim from Larry Herber
SPALLONE, S.T.R. CT Page 3678